### 1146. BUSH *v.* ROBERTS.

1. While the fact that the surety upon an appeal bond is also the surety on a certiorari bond in the same case would be good ground, if urged, for dismissing the certiorari in the superior court, it is not a ground upon which a writ of error, issued upon a bill of exceptions, may be dismissed.

2. The real merits of a certiorari are determinable, upon the hearing, by the contents of the answer; and allegations of the petition, not verified by the answer, are worthless; but upon the presentation of a petition for certiorari, for sanction, all allegations of the petition which are clearly set forth are to be presumed to be true, where the petition is verified as required by law.

3. Where one is sued for a definite amount of the indebtedness of another, alleged to have been assumed by the defendant as an original undertaking, a bill of particulars, specifying items of the account, is unnecessary. If one as an original undertaking, upon a consideration, has assumed to pay a definite amount of the indebtedness of another, it is none of his concern whether the debt thus assumed in behalf of the debtor is greater or less than his actual total indebtedness.

.4. An agreement on the part of A. B. to pay a certain account for C. D., in order to prevent the prosecution of C. D., is a promise to answer for the debt, default, or miscarriage of another, within the terms of the Civil Code, § 2693, and must be in writing.

5. In the absence of either fraud, accident, or mistake in the procurement of a written contract, parol evidence is inadmissible, to contradict or vary the terms of the writing.

6. Objections propter defectum to a juror are of no avail after verdict.

Petition for certiorari, from Miller superior court—Judge Worrill. April 1, 1908.

Submitted July 2,—Decided July 25, 1908.

*Perry D. Rich,* for plaintiff in error.

*Bush & Stapleton,* contra.

RUSSELL, J. The plaintiff in error presented a petition for certiorari, for sanction, and the judge of the superior court refused to sanction it; and exception is taken to this refusal. A motion is made to dismiss the bill of exceptions, because it appears from the record that the surety who signed the certiorari bond signed the appeal bond, on the appeal to the jury in the justice's court. This would have been a good ground for a motion to dismiss the certiorari in the superior court, but in the present instance it is not good ground for dismissing the writ of error, for two reasons: first, because, until a petition for certiorari is sanctioned, there is no necessity for the execution of a bond; and in this case, the judge having refused to sanction the certiorari, the certiorari bond never became essential. It is well settled that neither the costs need be paid nor the bond given until after the sanction of the certiorari. But even if the certiorari had been sanctioned, so as to require the execution of a bond, while the defendant in certiorari could, upon the hearing in the superior court,

have moved to dismiss the certiorari, for the reason that the bond was without security, and the court could properly have sustained this motion, still, if no such motion was made, as the statutory requirement as to security upon the certiorari bond is a provision for the benefit of the defendant in certiorari, his failure to make the motion to dismiss will be considered as a waiver of his rights upon that subject.

For the reasons stated in the fourth and fifth headnotes, we think that the judge of the superior court erred in not sanctioning the petition and ordering the issuance of the writ of certiorari. The two exceptions dealt with in these headnotes, which appear in the petition, are meritorious. Under the rule laid down in *Linder* v. *Renfroe*, 1 *Ga. App.* 58 (57 S. E. 975), whatever may be the truth as developed by the answer of the magistrate, the allegations of the petition, properly verified, are to be taken as true until the coming in of the answer.

There is no merit in one of the main contentions of the petitioner in certiorari. Where one is sued for a definite amount of the indebtedness of another, alleged to have been assumed by the defendant as an original undertaking, a bill of particulars, specifying items of the account, is unnecessary. If one, as an original undertaking, upon a consideration, has assumed to pay a definite amount of the indebtedness of another, it is none of his concern whether the debt thus assumed in behalf of the debtor is greater or less than his actual total indebtedness.

We are of the opinion that under the statements of the petition, and its statement of the testimony of the plaintiff, Roberts, himself, he would not be entitled to recover upon the terms of Bush's verbal promise to pay the debt of Hardwick, it appearing that the only consideration, according to the testimony of Roberts himself, was his promise not to prosecute Hardwick if Bush would assume Hardwick's debt of $16.80. This does not appear to be a good consideration to support an original undertaking on the part of Bush. And unless Bush agreed to pay the debt of Hardwick in consideration of a benefit to himself or a lawful benefit to the debtor, the promise would come clearly within the provisions of the statute of frauds. Civil Code, §2693, par. 2. It is also apparent that Roberts should not have been permitted to deny, in response to Bush's plea of set-off, the express stipulation of the

written contract which he admitted he had signed. It was immaterial that the justice erred in allowing Roberts to testify as to the correctness of the account. Nor was there error in allowing the jury to take the original summons with them during their deliberations on the case. The justice properly overruled the objection as made, though, if a motion had been made to cover the judgment, it could properly and doubtless would have been granted.

The objection to the juror is without merit. In the petition for certiorari it is insisted that one juror served on the jury whose name was not upon the jury list of the county, and that this fact was unknown to the defendant until after the verdict and judgment. It is too well settled for argument, that objections propter defectum to jurors are of no avail after verdict.

The judgment of the judge of the superior court is reversed solely for the reasons stated in the fourth and fifth headnotes.

*Judgment reversed.*