### 1293. JEFFRIES *v.* LUKE.

Upon the dismissal of a certiorari sued out by a claimant he and his security upon the certiorari bond are liable for the costs. But it is error, in a claim case, to include in the judgment dismissing the certiorari a judgment against the principal in the certiorari bond, and his security, for the amount of the fi. fa. which has been levied upon the property adjudged not to be the claimant's. The liability of the principal and security on a certiorari bond, for the eventual condemnation-money in a claim case, extends only to the costs and such damages as may by a jury be assessed against the claimant by reason of his interposition of the claim.

Certiorari, from Irwin superior court—Judge Whipple. March 10, 1908.

Submitted October 29,—Decided November 10, 1908.

*C. H. Martin, McDonald & Quincey,* for plaintiff in error.

RUSSELL, J. Luke obtained a fi. fa. against Chester, which was levied upon a certain top-buggy; to which Jeffries, the plaintiff in error, interposed a claim. The claimant gave not only a claim bond, but the statutory bond for the forthcoming of the property. Upon the trial of the case in a justice's court, the justice found the property subject. Thereupon Jeffries sued out a writ of certiorari, which was dismissed by the judge of the superior court. The judge of the superior court also entered judgment against him as principal, and against one Floyd as his security, for the amount of the fi. fa. against Chester, with interest; and exception is taken to this judgment. The material part of the judgment of the judge of the superior court was as follows: "It is . . adjudged by the court that the certiorari be dismissed, and that the defendant in certiorari shall have judgment against the plaintiff in certiorari, C. B. Jeffries, as principal in certiorari bond, and J. T. Floyd as security, for the sum of $90.00 as principal, and $13.77 interest to March 10, 1908, and all further interest on said

principal at 7 per cent. per annum, and the further sum of $——
and——cents for costs of said proceeding."·

We think the judge of the superior court very properly dis-
missed the certiorari; because it is clear, from the answer, that the
magistrate was fully authorized by the evidence to find that the
buggy levied upon was the property of the defendant in fi. fa.
In the view of the evidence most favorable to the claimant, the
defendant in fi. fa. had merely bought the buggy on credit, and
owed the claimant for it. The title in the buggy, however, had
passed to the defendant in fi. fa. For this reason we will affirm
the judgment dismissing the certiorari. It appears, from the rec-
ord, that the certiorari could well have been dismissed upon the
ground that no valid certiorari bond was given; for the reason that
Floyd, the security on the certiorari bond, was already security
on both the claim bond and the forthcoming bond. *Bush* v. *Rob-
erts*, 4 *Ga. App.* 531 (62 S. E. 92). But though the court was·
right in dismissing the certiorari, it was error to enter, against
the claimant and the security on the certiorari bond, judgment for
the amount of the fi. fa. which had been levied prior to the inter-
position of the claim. The only issue involved in the trial of
the claim case was the determination of the question whether the
buggy levied upon was the property of the claimant or of the de-
fendant in fi. fa. The liability of Jeffries and his security was
fixed by the terms of the claim bond; for while the certiorari bond
bound Jeffries and Floyd for the payment of "the eventual con-
demnation-money," the term "eventual condemnation-money," in
a claim case, must relate back to the obligation of the claim bond,
which is, to pay the plaintiff in fi. fa. "all damages which the
jury, on the trial of the right of property, may assess against him,
in case it should appear that said claim was made for delay only."
Civil Code, §4612. The damages, if any, in claim cases, are
recoverable upon the bond itself, but we know of no rule under
which the obligation of a claim bond can be enforced by the judg-
ment of the superior court upon a certiorari which only seeks to.
review a judgment concerning the right of property. Section 4652
of the Civil Code provides that the judge of the superior court
may render final judgment and have it executed in the case, with-
out sending it back to the tribunal below, where there is no ques-
tion of fact involved, but merely an error of law which must finally

.govern the case. The judge of the superior court was in error in rendering judgment against the petitioner in certiorari (the claimant), and the security, for the amount of the fi. fa.; for two reasons. In the first place, no question of law was involved, the issue in the justice's court being one purely of fact. And in the next place, even if the judge had been exercising the duty required of him by section 4652, supra, the judgment rendered, as above stated, was not proper in this case, where the only issue involved was that of title.

In *Taylor* v. *Gay*, 20 *Ga.* 77, and *Holton* v. *Hendley*, 75 *Ga.* 847, where, as in the present instance, the title alone was involved, the Supreme Court held that there was no eventual condemnation-money except the costs. The trial judge should have likewise construed the same term in the certiorari bond in the case at bar, and should not have extended his judgment beyond matters not involved in the certiorari. To impose upon a claimant, without regard to the bona fides of his claim, liability for the debt of the defendant in fi. fa., in case his claim for any reason is not sustained, has not yet been contemplated by our law.

The judgment dismissing the certiorari will be affirmed; with direction, however, that the judgment be amended by striking so much thereof as relates to the finding against the plaintiff in error, .and his security, for principal and interest.

*Judgment affirmed, with direction.*