A97A1167. DENTAL ONE ASSOCIATES, INC. v. JKR REALTY ASSOCIATES, LTD.
(491 SE2d 414)

MCMURRAY, Presiding Judge.

Plaintiff JKR Realty Associates, Ltd. brought this contract action against defendant Dental One Associates, Inc., alleging that defendant was its tenant under a written assignment of the executory portion of a lease of commercial property and that defendant "refused to pay [$121,333.28 (One Hundred Twenty One Thousand, Three Hundred Thirty Three Dollars and Twenty Eight Cents) representing eight months of] unpaid rent." Defendant admitted only that it was the assignee under an Assignment of Lease executed in conjunction with the bankruptcy of the original tenant-assignor, and that the monthly rent was $15,166.66. But for aught that appears of record, defendant never raised the prior bankruptcy of the original tenant-assignor as an affirmative defense. OCGA § 9-11-8 (c).

After limited discovery, plaintiff moved for summary judgment, pursuant to OCGA § 9-11-56 (a). In an order filed on October 10,

1996, the trial court granted plaintiff's motion. In an "AMENDED ORDER" filed October 18, 1996, the trial court specified that plaintiff was to recover the principal sum of $121,333.28 as liquidated damages plus $18,199.99 as contractual attorney fees. Defendant's "Motion for Reconsideration or For an Extension of Time to File Notice of Appeal . . . ." was denied Tuesday, November 12, 1996, and defendant's notice of appeal was filed that same day. *Held*:

1. Plaintiff's motion to dismiss this appeal as untimely is denied. The thirtieth day following the October 10, 1996, order granting summary judgment fell on Saturday, November 9, 1996. Monday, November 11, 1996, was Veteran's Day, a designated State holiday. OCGA § 1-4-1. Consequently, the time for filing the notice of appeal was extended to the next business day, Tuesday, November 12, 1996. OCGA § 1-3-1 (d) (3).

2. Defendant first contends the grant of summary judgment is erroneous because plaintiff failed to prove it satisfied a condition precedent to the Assignment of Lease, namely an order of confirmation from the Bankruptcy Court.

OCGA § 9-11-9 (c), respecting conditions precedent, requires in part that a "denial of performance or occurrence shall be made specifically and with particularity." "[T]he scope of review is limited to the scope of the ruling in the trial court as shown by the trial record and cannot be enlarged or transformed through a process of switching, shifting, and 'mending your hold.' *Sanders v. State*, 134 Ga. App. 825, 826 (1) (216 SE2d 371) (1975) and cits.; [cits.]." *Redwing Carriers v. Knight*, 143 Ga. App. 668, 673 (9) (a), 674 (239 SE2d 686).

Scrutiny of the hearing on plaintiff's motion reveals no objection to plaintiff's prima facie case on the ground there is no " 'Order of Confirmation (of the Plan of Liquidation) from the Bankruptcy Court approving this Assignment.' " On the contrary, defendant's counsel expressly referred the trial court to a March 7, 1988, order whereby the "United States Bankruptcy Court for the Northern District . . . approved the liquidation of [the original tenant-assignor] . . . [and] discharged . . . the debt of the plaintiff which they are making claim for now." The substance of the defense, as argued to the trial court, was either that any claim arising out of the original tenant-assignor's pre-bankruptcy default was not assumed because it was discharged, or that the assignment is ambiguous and should not be construed to apply to any prior indebtedness. Consequently, we hold the ground urged in this enumeration was waived below and is not preserved for appellate review.

3. Defendant also contends the assignment is ambiguous as to what responsibilities defendant actually assumed, arguing that the bankruptcy context corroborates an intention only to assume prospective obligations under the lease and not any arrearage. We find

no ambiguity and affirm.

The original agreement specified the "term of this lease and the obligation of Tenant to pay rent hereunder shall commence upon the first to occur of: . . . (a) November 1, 1985; or . . . (b) [t]he date upon which Tenant opens for business in the premises." According to the affidavit of Robert Krasnoff, plaintiff's managing partner, the original tenant "made no rental payments . . . between November 1, 1985 and June 30, 1986." Under the express terms of the assignment, defendant "assume[d] all of the terms, provisions, obligations, responsibilities and liabilities of Assignor and of the Tenant under the Lease. From and after the effective date [of the assignment], the Lease shall be deemed a direct obligation between [plaintiff as] Landlord and [defendant as] Assignee."

In opposition to plaintiff's motion, defendant submitted the affidavit of Paul Yurfest, defendant's president, who deposed that "[his] understanding of the purpose of the Assignment of Lease was to cause [defendant] to assume the rights of [the original tenant-assignor] to occupy the premises . . ., and to cause [defendant] to take on the liabilities of [the original tenant-assignor] arising under the lease agreement between [the original tenant-assignor and plaintiff]." Further, it was "not my [i.e., Paul Yurfest's] intention to obligate [defendant], nor did [defendant] intend to become obligated for, any debt of [the original tenant-assignor] to [plaintiff] which arose prior to the effective date of the Assignment of Lease."

"Where contractual provisions are unambiguous, interpretation of those provisions is a question of law for the court, and the court is not free to revise contracts while professing to construe them. *Brigadier Indus. Corp. v. Pippin*, 148 Ga. App. 145 (251 SE2d 114) (1978)." *Kelson Companies v. Feingold*, 168 Ga. App. 391, 393 (309 SE2d 394). "In the absence of either fraud, accident, or mistake in the procurement of a written contract, parol evidence is inadmissible, to contradict or vary the terms of the writing." *Bush v. Roberts*, 4 Ga. App. 531, 532 (hn. 5) (62 SE 92). See OCGA § 13-2-2 (1). In our view, defendant's promise to assume *all* the terms, provisions, obligations, responsibilities and liabilities of the bankrupt tenant is unambiguous and includes arrearages such as are here demanded. If defendant intended to assume only the *prospective* obligations of the bankrupt tenant-assignor, it should have made that intention express. The trial court correctly granted plaintiff's motion for summary judgment.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 11, 1997 —
RECONSIDERATION DENIED AUGUST 29, 1997 —

*Strelzik & Shapiro, Steven J. Strelzik, Vincent J. Zugay, Jr.*, for appellant.

*Simmons, Warren, Szczecko & McFee, Joseph Szczecko*, for appellee.