S98G0029. DENTAL ONE ASSSOCIATES, INC. v. JKR REALTY ASSOCIATES, LTD.
(501 SE2d 497)

CARLEY, Justice.

JKR Realty Associates, Ltd. (JKR), as landlord, entered into a

ten-year commercial lease with Health Dent. Thereafter, Health Dent filed for bankruptcy and executed an assignment of its lease to Dental One Associates, Inc. (Dental One). Dental One took possession of the property and continued to occupy it for several years. When Dental One eventually vacated the premises without paying all of the rent due under the lease, JKR brought suit seeking to recover that unpaid rent. The trial court granted summary judgment in favor of JKR, and Dental One appealed. Among its other contentions as to why the trial court erred in granting summary judgment, Dental One asserted that JKR had failed to prove satisfaction of a condition precedent to enforceability of the lease assignment. Noting that the transcript of the hearing on the summary judgment motion revealed that Dental One had raised no such "objection to [JKR's] prima facie case" in the trial court, the Court of Appeals held that "the ground urged in this enumeration was waived below and is not preserved for appellate review." *Dental One Assoc. v. JKR Realty Assoc.*, 228 Ga. App. 307, 308 (2) (491 SE2d 414) (1997). Since none of Dental One's other enumerations was found to be meritorious, the Court of Appeals affirmed the grant of summary judgment in favor of JKR.

We granted Dental One's petition for certiorari to review the holding of the Court of Appeals that, in an appeal from the grant of summary judgment, an assertion by the non-moving party that the movant failed to prove a prima facie case is not preserved for appellate review unless expressly raised below. We conclude that the Court of Appeals erred in so holding, because the issue in an appeal from the grant of summary judgment is whether the movant met the burden established by OCGA § 9-11-56 (c) and, in addressing that issue on appeal, the non-moving party is entitled to advance all arguments without regard to whether they were raised by way of objections below. However, it also appears that the error of the Court of Appeals was, under the circumstances of this case, harmless. Therefore, we disapprove of Division 2 of *Dental One Assoc. v. JKR Realty Assoc.*, supra, but, applying the "right for any reason" principle, we affirm the judgment of affirmance reached therein.

1. The grant of summary judgment is authorized only when there is no remaining genuine issue of material fact *and* the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). The movant does not show entitlement to judgment as a matter of law unless, construing the evidence most favorably for the non-moving party, a prima facie case is shown. *Meade v. Heimanson*, 239 Ga. 177, 180 (236 SE2d 357) (1977). It is the evidence of record, not the assertions and objections made by counsel at the hearing, which determines the validity or invalidity of the grant of summary judgment. *Hoffman v. Atlanta Gas Light Co.*, 206 Ga. App. 727, 728-729 (1) (426

SE2d 387) (1992); *Griffin v. Wittfeld,* 143 Ga. App. 485 (1) (238 SE2d 589) (1977). The initial burden was on JKR, as movant, to prove a prima facie case and, unless and until JKR met that initial burden, no evidentiary burden shifted to Dental One. If JKR failed to meet its initial evidentiary burden of proving a prima facie case, then Dental One was entitled to urge the record's lack of evidence in that regard as a reason for reversing the grant of summary judgment, even if JKR did not "object" on that precise basis in the trial court. *Ellis v. Curtis-Toledo,* 204 Ga. App. 704, 705 (2) (420 SE2d 756) (1992); *Binswanger Glass Co. v. Beers Constr. Co.,* 141 Ga. App. 715, 719 (5) (234 SE2d 363) (1977). It is the responsibility of the trial court to review the evidence and determine whether a prima facie case has been proven by the movant. It is not the obligation of the non-moving party to object to the movant's failure to meet its evidentiary burden. *Hoffman v. Atlanta Gas Light Co.,* supra; *Ellis v. Curtis-Toledo,* supra. The failure to articulate a particular argument or objection in opposition to a motion for summary judgment is not the same as a failure to object to the admission of evidence at a trial. Thus, the Court of Appeals erroneously held that, on appellate review of a granted summary judgment, the non-moving party cannot assert, as a basis for reversal, that the movant failed to meet its evidentiary burden of proving a prima facie case unless such an assertion was also expressly raised in the trial court.

2. The contingency which Dental One urges as a condition precedent to enforceability of the lease assignment against it is the approval thereof by the bankruptcy court. There is some doubt whether this is a condition precedent to enforceability of the assignment against Dental One as the proposed-lessee, rather than a mere recognition that the then-lessee, Health Dent, was subject to the jurisdiction of the bankruptcy court. See *Cowen v. Snellgrove,* 169 Ga. App. 271, 274 (3) (312 SE2d 623) (1983). However, even assuming that approval by the bankruptcy court is a condition precedent to Dental One's contractual liability, that condition precedent can be waived. *Turner Outdoor Advertising v. Fidelity Eastern Financial,* 185 Ga. App. 815, 817 (366 SE2d 201) (1988). Under the undisputed evidence, Dental One waived any condition precedent by taking possession of the leased premises and remaining in possession thereof for several years. See *C.P.D. Chemical Co. v. Nat. Car Rental Sys.,* 148 Ga. App. 756, 757 (1) (252 SE2d 665) (1979). Thus, no genuine issue of material fact remains as to satisfaction of a condition precedent, if any, to Dental One's liability as assignee of the lease, and JKR is entitled to judgment as a matter of law. For this reason, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur, except Hunstein, J., who is disqualified.*

DECIDED JUNE 15, 1998 —
RECONSIDERATION DENIED JULY 30, 1998.

*Strelzik & Shapiro, Steven J. Strelzik, Vincent J. Zugay, Jr.,* for appellant.
*Simmons, Warren, Szczecko & McFee, Joseph Szczecko,* for appellee.