## A00A2013. WHITE v. CITY OF ATLANTA.

(545 SE2d 625)

MILLER, Judge.

Osie White sued the City of Atlanta in tort for damages arising from an incomplete and defective renovation construction to his home by a contractor under a home improvement grant. The trial court granted the City's motion for summary judgment ruling that there was no independent duty arising from the contractual relationship between White and the City to sustain an action in tort. White appeals this ruling, and we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] We apply a de novo standard of review from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the non-movant.[2]

So viewed, the evidence shows that in 1994, the City received a $3 million grant from the U. S. Department of Housing & Urban Development (HUD), to fund the City's Home, Owner-Occupied

---

[1] OCGA § 9-11-56 (c).

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Rehabilitation Grant Assistance Program. The City was responsible for ensuring that these funds were used in accordance with HUD requirements. The City offered White a grant to rehabilitate his residence. The grant program required White to take bids and select a contractor, to be approved by the City. White selected a contractor, and the City granted him $23,500 to be applied toward the improvements. In December 1994, the contractor submitted a request for partial payment for work it claimed was completed. The City paid the contractor $6,775 on December 22, 1994. White argued that the work was incomplete.[3] On June 19, 1996, White was informed (the contractor having been fired) that his grant was denied for failure to submit acceptable bids in a timely manner.

White sued in tort alleging negligence and seeking damages for depletion of the grant and for defective construction. He argued that the City owed him a duty to exercise ordinary care in disbursing his grant funds to the contractor and in inspecting the construction.

1. Regarding the depletion of the grant, White argues that the City did not exercise ordinary care in disbursing grant funds and did so without his authorization. If the City improperly advanced funds to the contractor as White contends, his remedy would be in contract and not tort.[4] White did not sue in contract, nor did the court decide any issue of breach of contract; therefore, that issue is not before us.

2. Regarding the defective construction, the City argues that it cannot be held liable in tort because (1) its actions did not rise to the level of creating a special duty or relationship with White, and (2) its inspections of White's home were for the City's benefit and not for White's.

> A tort is the unlawful violation of a private right other than a breach of contract, OCGA § 51-1-1, but private duties may arise from statute, or flow from relations created by contract, express or implied. The violation of any such specific duty, accompanied with damage, gives a right of action in tort.[5]

A homeowner does not have an action for damages for faulty construction against a lending or financing authority, even though the lender negligently inspects the construction, because the inspection is normally not made for the benefit of the homeowner but for the

---

[3] Attached to White's summary judgment brief are two letters which we do not consider as they are not authenticated and therefore are not competent evidence. See OCGA § 9-11-56 (c).

[4] *Constr. Lender v. Sutter*, 228 Ga. App. 405, 410 (2) (491 SE2d 853) (1997).

[5] (Citations and punctuation omitted.) *First Fed. Sav. Bank of Brunswick v. Fretthold*, 195 Ga. App. 482, 484 (394 SE2d 128) (1990).

protection and benefit of the lender.[6] An exception to this general rule, as recognized in *Jordan v. Atlanta Neighborhood Housing Svcs.,*[7] arises "when the lender's financing activity extends beyond that of a conventional construction lender and engages the lender in activities actually connected to construction of the property."[8]

White argues that *Jordan* governs here. In *Jordan,* the lender solicited the bids, monitored the construction, and assured the homeowner that the contractor's deficiencies would be corrected once payment was made.[9] Here White solicited bids and selected the contractor while the City approved the contractor and inspected the construction for payment. White has not shown that the inspection referred to was for his benefit. On the contrary, there is unrebutted evidence that the City's Housing Rehabilitation Advisor for any particular project was responsible for ensuring that public funds were spent responsibly for work conforming to any applicable codes. Moreover, the record reflects White's acknowledgment that the City assumed no responsibility for the work performed nor did it warrant any work performed.[10]

If any exception to the general rule (that the inspection is made for the benefit of the City) is made, it will have to be based on some clear promise of the lender to perform certain protective functions, and upon a clear and distinct participation in the activity which resulted in the damage.[11] Here the evidence does not show a clear promise on the part of the City to perform any protective functions on behalf of White.

The City's financing activity in distributing federal HUD money did not extend beyond that of a conventional construction financing authority. Therefore, the court did not err in granting summary judgment to the City in this negligence action.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 15, 2001.

*Slater & King, Scott R. King,* for appellant.

---

[6] *Russell v. Barnett Banks,* 241 Ga. App. 672, 674 (527 SE2d 25) (1999); *Fretthold,* supra, 195 Ga. App. at 485.

[7] 171 Ga. App. 467 (320 SE2d 215) (1984).

[8] (Citation and punctuation omitted.) *Fretthold,* supra, 195 Ga. App. at 485; *Jordan,* supra, 171 Ga. App. at 467-468 (1); see *Sutter,* supra, 228 Ga. App. at 410 (2).

[9] *Jordan,* supra, 171 Ga. App. at 468 (1).

[10] See *Sutter,* supra, 228 Ga. App. at 410 (2) (contract specified that all inspections are for the benefit of the lender and disclaimed any liability for the contractor's work; therefore, the exception outlined in *Jordan* did not apply).

[11] *Russell,* supra, 241 Ga. App. at 674 (lender is not insurer of contractor's work, unless clear promises appear to the contrary).

*Bernard R. Thomas, Sr., Susan P. Langford, Debra A. Alford,* for appellee.