A04A0949. WALLER et al. v. ECONOMIC & COMMUNITY DEVELOPMENT DEPARTMENT et al.
(603 SE2d 442)

BLACKBURN, Presiding Judge.

In this action for breach of contract, accounting fraud, and conspiracy to defraud surrounding the allegedly negligent construction on their home and the HUD home improvement loan used to finance that construction, Ronald and Joann Waller (the "Wallers") appeal, pro se, the trial court's grant of summary judgment to the lender, City of Macon Economic & Community Development Department ("ECDD"), C. Jack Ellis (Mayor of Macon), and Chester Wheeler (Director of ECDD). Appellants argue that the trial court erred in: (1) finding that ECDD was a lender; (2) finding that ECDD was neither a party to the home improvement contract nor liable in light of the fact that ECDD became a third-party beneficiary when it filed a promissory note and warranty deed; (3) failing to consider that ECDD became a prohibited interested party to the HUD contract when it filed the promissory note and warranty deed; and (4) finding

that appellees Ellis and Wheeler were not properly served. For the reasons which follow, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

The instant case, filed against ECDD in September 2002, and alleging breach of contract, accounting fraud, and conspiracy to defraud, is the fourth action the Wallers have filed against ECDD since arbitration over the repair work done by S & S Construction Company. The three earlier suits, two in bankruptcy and the third in the United States District Court for the Middle District of Georgia, were dismissed.

The record shows that ECDD provides federal government funds for home improvements and repairs through a program known as Macon's Neighborhood Challenge. The Wallers sought financing from ECDD for emergency repairs to their home. ECDD approved the loan in the original principal amount of $16,077, secured by a deed to secure debt on the home. Charles Smith d/b/a S & S Construction Company ("S & S") was selected to make the repairs to the home, and on October 14, 1998, Ronald Waller and S & S entered into an Owner-Contractor Home Improvement Construction Agreement (the "Contract").

Following completion of the work by S & S, the Wallers were unhappy with the repairs and, pursuant to an arbitration clause in the Contract, requested arbitration. After an arbitration hearing, the arbiters issued an order requiring S & S to make further repairs to the home, with an additional payment of $3,124.03 due to S & S upon completion of the repairs. Neither the Wallers nor S & S appealed the arbitration order.

1. In their first two enumerations of error, the Wallers contest the trial court's finding that "[a]s ECDD is not a party to the contract, and the contract creates no duty owed to Plaintiffs by ECDD, Plaintiffs' action against ECDD for breach of contract must fail." We find no merit to these arguments.

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Ordinarily, an action for damages for faulty construction and incidents thereto, by a homeowner or purchaser against a lending or financing authority, will not lie because the lender's customary participation, the inspection, is normally not made for the benefit of the homeowner, but is made instead for the protection and benefit of the lender. An exception to this rule has been recognized when the lender's financing activity extends beyond that of a conventional construction lender and engages him in activities actually connected to construction of the property. In such a case, a legal duty may arise on the part of the lender to protect the homeowner from damages caused by construction defects.

(Citations omitted.) *Harden v. Akridge.*[2]

The contract which the Wallers claimed was breached was the Contract between the Wallers and S & S. Pursuant to the Contract, all repairs were made by S & S. ECDD, as evidenced by the promissory note and warranty deed signed by Ronald Waller, acted merely as a lender in this matter, was not a party to the Contract, and performed none of the repairs to the Wallers' residence. In addition, ECDD was not a party to the arbitration process.

To place liability upon the lender for faulty construction, based merely on the fact of its having lent money that was used in construction and on the fact that, apparently for its own protection, it has inspected the work pursuant to disbursement of moneys, would violate public policy by creating a serious burden of liability on lenders for construction where, in fact, no actual causative blame can be found. Without strong evidence of actual participation and negligent conduct directly connected to the construction, the creation of such a burden would act to discourage construction lending proportionately. Generally, in fact, the lender does not have anything to do with the construction itself, and is not per se in a position to correct a defect if it noticed one.

If any exception to this rule is made, it will have to be based on some clear promise of the lender to perform certain protective functions, and upon a clear and distinct participation in the activity which resulted in the damage. It is certainly not enough to make general allegations that the lender inspected the work, since such inspections are presumed to be for its own financial purposes and are not

---

[2] *Harden v. Akridge*, 193 Ga. App. 736 (389 SE2d 6) (1989).

intended to ensure a quality of work. The lender is not an insurer of the work of the contractor, unless clear promises appear to the contrary. No such elements appear in this case.

(Citation omitted.) *Harden,* supra at 737.

The Contract also makes clear that ECDD is not liable in this matter. Under Paragraph 1.1 of the Contract, the Wallers and S & S "understand and agree, however, that neither ECDD nor the City shall have any responsibility whatsoever to either party for the performance or nonperformance of this Agreement or the compliance with the terms hereof by the other party." Further, Paragraph 1.6, the Indemnity/Hold Harmless paragraph, of the Contract provides:

> The parties understand and agree that ECDD cannot guarantee the respective performance or nonperformance of the Owner and Contractor under this Agreement. The parties understand and agree that all services provided by ECDD . . . shall not in any manner limit or otherwise alter the respective obligations of the parties hereunder, nor create any liability on the part of the City or ECDD to either party for any failure or oversight by City or ECDD in providing such services.

These provisions of the Contract indicate that ECDD did not undertake to perform any protective functions on behalf of the Wallers. ECDD's "financing activity in distributing federal HUD money did not extend beyond that of a conventional construction financing authority." *White v. City of Atlanta.*[3] This renders moot any remaining arguments as to ECDD's liability. Accordingly, the court did not err in granting summary judgment to ECDD. Id.

2. The Wallers assert that the trial court erred in finding that appellees Ellis and Wheeler were not properly served notice of this action. However, the Wallers have pointed to nothing in the record to support their assertion that Ellis and Wheeler, whether personally or otherwise, were served, and thus have failed to create an issue of fact. "This Court has repeatedly held that it is not the function of this Court to cull the record on behalf of a party." (Punctuation omitted.) *Gwinnett Health System v. Delu.*[4] Accordingly, this enumeration of error must fail.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

---

[3] *White v. City of Atlanta,* 248 Ga. App. 75, 77 (2) (545 SE2d 625) (2001).
[4] *Gwinnett Health System v. Delu,* 264 Ga. App. 863, 869 (2) (592 SE2d 497) (2003).

DECIDED JULY 26, 2004 —
RECONSIDERATION DENIED AUGUST 13, 2004 — 

Ronald Waller, *pro se.*
Joann Waller, *pro se.*
*Jones, Cork & Miller, Thomas W. Joyce,* for appellees.