**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**October 31, 2012**

# In the Court of Appeals of Georgia

A12A1298. GOODSON v. POINTER et al.

PHIPPS, Presiding Judge.

Debra Pointer and Michael Pointer sued William Goodson, alleging that he owed them monies for failing to timely pay rent on residential property they owned. Summary judgment was granted to the Pointers. For reasons that follow, we reverse the judgment and remand for proceedings not inconsistent with this opinion.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] "In our de novo review of the grant of a motion

---

[1] OCGA § 9-11-56 (c).

for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant."[2]

In their complaint, the Pointers alleged that Goodson owed them $16,400 for "unpaid rents and late fees." On motion for summary judgment, the Pointers claimed that they and Goodson had executed a lease with respect to certain property they owned, that the lease required Goodson to pay them $1,900 per month, that Goodson lived on the property during the lease term and continued to occupy the property after the lease expired, that no new lease was signed, and that "[Goodson] did not pay rent as agreed." For evidentiary support that the parties had signed a lease, that the lease had obligated Goodson to pay $1,900 per month, and that Goodson had not made all of his rental payments, the Pointers referred the trial court to Goodson's answers to interrogatories, as well as to an "Affidavit of Damages filed concurrently herewith [the summary judgment motion]." The Pointers attached to their summary judgment motion a "Lease for Residential Property," and they cited the principle that: one who is a tenant at will by virtue of his holding over after the expiration of the term of his lease holds the premises subject to the general terms and conditions specified in the

---

[2] *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citation and punctuation omitted).

lease, except so far as modified by mutual agreement, and which "general terms and conditions" would include the provisions for rent.[3] The Pointers maintained in their motion entitlement to $16,400 in damages.

In his answer, Goodson denied the Pointers' complaint allegation concerning "agreed upon rental payments" in the amount of $1,900, as well as their complaint allegation concerning late fees. In opposing the Pointers' motion, Goodson presented no evidence, but submitted a brief.[4] He took the position that the record showed that he and the Pointers had entered a written lease in 2006 and that the lease had expired in 2008; that no other written lease had been signed by the parties; and that the parties had never reached an agreement regarding the amount of rent to be paid without a written lease. However, Goodson asserted that the "Lease for Residential Property"

---

[3] See, e. g., *Radha Krishna, Inc. v. Desai*, 301 Ga. App. 638, 640 (1) (689 SE2d 78) (2009).

[4] See generally *Keane v. Annice Heygood Trevitt Support Trust*, 285 Ga. App. 155, 156-157 (645 SE2d 641) (2007) (explaining that, on a plaintiff's motion for summary judgment, the burden shifts to the defendant to present competent evidence establishing a possible defense "[o]nce a plaintiff sets forth a prima facie case showing entitlement to summary judgment"); *Northside Bldg. Supply Co. v. Foures*, 201 Ga. App. 259 (411 SE2d 87) (1991) (explaining that, in opposing a plaintiff's motion for summary judgment, it was not necessary for the defendant to submit affirmative evidence in order to create a genuine issue of fact, because the evidence submitted by the plaintiff did not establish a prima facie case entitling plaintiff to summary judgment).

attached as an exhibit to the Pointers' summary judgment motion had not been authenticated so as to be relevant for purposes of their summary judgment motion,[5] and he claimed that no "Affidavit of Damages" had been included with the summary judgment motion served upon him. Goodson therefore contended that the Pointers had failed to demonstrate entitlement to summary judgment because genuine issues of material fact remained regarding: (i) the existence of any obligation upon him to pay the Pointers any money after February 2008; and (ii) the amount of damages, if any.

Without holding a hearing and without making express findings of fact, the trial court entered summary judgment in favor of the Pointers, awarding them $16,400 as damages.

On appeal, Goodson maintains that the grant of summary judgment lacked the requisite evidentiary basis. "Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of

---

[5] See *White v. City of Atlanta*, 248 Ga. App. 75, 76 n. 3 (545 SE2d 625) (2001) (determining that unauthenticated attachments to summary judgment brief were not competent evidence for purposes of summary judgment) (citing OCGA § 9-11-56 (c)); *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988) ("Unsworn allegations in pleadings that have not been admitted by the opposing party are not evidence for purposes of summary judgment resolution.") (citation omitted).

OCGA § 9-11-56 (c) have been met."[6] "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law."[7]

The scant record before us does not show that the Pointers were entitled to the grant of their summary judgment motion. Their suit alleged that Goodson owed them an amount certain for his failure to pay rent and late fees.[8] While it is undisputed that Goodson occupied the Pointers' property for some amount of time, the record does not establish whether or to what extent he did so without paying rent as obligated. Certainly, there is nothing in the record supporting a damages calculation in the amount of $16,400 – or in any other sum. As evidentiary support for their summary judgment motion, the Pointers relied extensively on various documents – including an "Affidavit of Damages," Goodson's answers to their interrogatories, and a "Lease

---

[6] *Cowart*, supra at 624 (1) (a) (citation omitted).

[7] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) (citation omitted).

[8] See *Norton v. Budget Rent A Car System*, 307 Ga. App. 501, 502 (705 SE2d 305) (2010) ("The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.") (punctuation and footnote omitted).

for Residential Property." But the affidavit and answers are not in the appellate record, and the lease stands unauthenticated. Notably, the Pointers have filed in this court neither a brief[9] nor a motion either to supplement the record or to remand the case for completion of the record.[10] Given the foregoing, we are constrained to

[9] See Court of Appeals Rule 25 (b) (1) (instructing that appellee's brief "shall point out any material inaccuracy or incompleteness of appellant's statement of facts and any additional statement of facts deemed necessary, plus such additional parts of the record or transcript deemed material"). This case was docketed in this court on March 1, 2012, and Goodson filed his brief on March 19, 2012. After the Pointers failed to file a brief when it became due under Court of Appeals Rule 23 (b), this court issued an order on July 31, 2012 for the Pointers to file a brief within 10 days of that order.

[10] "[I]t is the primary responsibility of the appropriate parties and not this court to ensure that all documents relevant to the disposition of an appeal be duly filed with the clerk of this court prior to the issuance of our appellate decision." *Roberts v. Nessim*, 297 Ga. App. 278, 286 (676 SE2d 734) (2009) (on motion for reconsideration) (punctuation, and footnote omitted). Goodson's notice of appeal requested the trial court clerk to "omit nothing from the record on appeal." Moreover, the trial court clerk has certified that the pages transmitted to this court comprise "a true and complete copy of those portions of the record" designated by Goodson. The record contains no appellee designation of the appellate record as permitted under OCGA § 5-6-42 (providing for the appellee to "file a designation of record designating that all or part of the omitted matters be included in the record on appeal").

reverse the judgment and remand the case for proceedings not inconsistent with this opinion.[11]

*Judgment reversed and case remanded. Ellington, C. J., and Dillard, J., concur.*

---

[11] See *Dental One Assocs. v. JKR Realty Assocs., Ltd.*, 269 Ga. 616, 617 (1) (501 SE2d 497) (1998) (stating that the movant does not show entitlement to judgment as a matter of law unless, construing the evidence most favorably for the non-moving party, a prima facie case is shown; explaining that it is the evidence of record which determines the validity or invalidity of the grant of summary judgment); *Moore v. Wachovia Mtg. Co.*, 138 Ga. App. 646, 647 (1) (226 SE2d 812) (1976) (noting where bank offered no evidence by way of stipulation, deposition, or admission to establish variable interest rate(s) based on bank's prime rate during life of note, summary judgment was improper in the face of debtor's denial of interest due).