**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 21, 2015**

# In the Court of Appeals of Georgia

A15A0380. PADILLA v. MEDRANO d/b/a MEDRANO FLOORING AND GENERAL CONTRACTORS, INC.

McFADDEN, Judge.

Alexander Padilla appeals the order granting summary judgment to Ermes Medrano in this personal injury action. He argues that the trial court erred by refusing to substitute Medrano Flooring and General Contractors, Inc. as the defendant. We vacate and remand the case to the trial court to rule on Padilla's motion to substitute before ruling on Ermes Medrano's motion for summary judgment, given the trial court's finding in its order granting summary judgment that Medrano Flooring is the proper party.

Padilla filed a personal injury action against Ernesto Cruz-Martinez and Ermes Medrano d/b/a Medrano Flooring and General Contractors, Inc. arising out of a

collision between one vehicle and a retaining wall. Padilla was a passenger, Cruz-Martinez was the driver, and Ermes Medrano was the owner of the vehicle. Cruz-Martinez moved for summary judgment. The trial court granted summary judgment to Cruz-Martinez on the ground that he and Padilla were co-employees and Padilla's action was thus barred by the exclusive remedy provision of the Workers' Compensation Act, OCGA § 34-9-11 (a). In October 2013, we affirmed the grant of summary judgment pursuant to Court of Appeals Rule 36.

In December 2013, Ermes Medrano moved for summary judgment on multiple grounds, including that Padilla's action against him was also barred by the exclusive remedy provision, because Padilla was injured in the scope of his employment with Medrano Flooring and Ermes Medrano was his supervisor and co-employee. In response, Padilla moved to substitute Medrano Flooring and General Contractors, Inc. as the party defendant in place of Ermes Medrano d/b/a Medrano Flooring and General Contractors, Inc.

The trial court did not rule on Padilla's motion to substitute. The court granted Ermes Medrano's motion for summary judgment, holding that "[because [Padilla] was an employee of Medrano Flooring, the proper party to this litigation is Medrano Flooring and not Defendant Medrano." The court further held that "[based on the

2

record, and Defendant Medrano's own admission, . . . [Padilla] was in fact an employee of Medrano Flooring at the time of the incident. As such, The Workers' Compensation bar under OCGA § 34-9-11 would apply. [Padilla's] sole remedy would be to apply for workers' compensation, and not a tort action against his employer." Finally, the court held that Padilla had not submitted sufficient evidence to pursue his negligent entrustment, hiring, retention and supervision claims. Padilla filed this appeal.

1. *Laches.*

Padilla argues that Medrano's motion for summary judgment was barred by laches, as he should have filed the motion when Cruz-Martinez filed his. He cites no statutory or case authority, and we have found none, where laches has been applied to bar the filing of a motion for summary judgment. OCGA § 9-11-56 (b), however, provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, *at any time*, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." (Emphasis supplied). "'At any time' obviously means at any time before a trial begins in which a final judgment is to be rendered. . . ." *Braselton Bros. v. Better Maid Dairy Products*, 110 Ga. App. 515, 516 (1) (139 SE2d 124) (1964). See also

Uniform Superior Court Rule 6.6 ("Motions for summary judgment shall be filed sufficiently early so as not to delay the trial."). Under the statute, Medrano's motion for summary judgment was timely.

2. *Adding Medrano Flooring and General Contractors, Inc. as a party.*

Padilla argues that the trial court erred by denying his motion to substitute Medrano Flooring and General Contractors, Inc. as the defendant. The record contains no ruling on the motion. Nonetheless, the trial court ruled in the order granting summary judgment that Medrano Flooring was the proper defendant and it granted Medrano summary judgment for this reason.

The trial court's summary judgment order resolved all claims against the only defendant then in the lawsuit and accordingly is at least arguably a final judgment. See *Paine v. Nations*, 301 Ga. App. 97, 99 (1) (686 SE2d 876) (2009) (a trial court's order is a final judgment if it constitutes the court's final ruling on the merits of the action, even if it does not state that it is final). We therefore hold, under the particular, unique circumstances of this case, that the trial court should have addressed Padilla's motion to add Medrano Flooring before granting Medrano's motion for summary judgment. This is particularly true in light of the trial court's express finding that Medrano Flooring is the proper party.

4

Given this resolution, we do not address Padilla's argument that Medrano is estopped from claiming that the business, not Medrano individually, was his employer. In support of the argument, Padilla relies on a document attached to his response to Medrano's motion for summary judgment, a notice to controvert Padilla's claim for workers' compensation benefits in which Medrano Flooring asserted that Padilla was not entitled to workers' compensation benefits because he "was not employed with the employer at the time of the accident."

We observe that the unauthenticated document is not competent evidence for purposes of summary judgment. *White v. City of Atlanta*, 248 Ga. App. 75, 76 n. 3 (545 SE2d 625) (2001). But should the trial court add Medrano Flooring as a defendant, Padilla could seek introduction of the notice to controvert as Medrano Flooring's admission that Padilla was not its employee. See *Foster v. State*, 157 Ga. App. 554, 555-556 (278 SE2d 136) (1981).

*Judgment vacated and case remanded. Ellington, P. J., concurs; Dillard, J., concurs fully in Division 1 and in the judgment only in Division 2.*

A15A0380. PADILLA v. MEDRANO d/b/a MEDRANO
FLOORING AND GENERAL CONTRACTORS, INC.

DILLARD, Judge, concurring in judgment only.

I concur fully as to Division 1 of the majority's opinion. I concur in judgment only as to Division 2 because I do not agree with all that is said in that division of the majority opinion. Thus, the majority's opinion in Division 2 decides only the issues presented in that division and may not be cited as binding precedent in future cases. *See* Court of Appeals Rule 33 (a).