### BOSTWICK *v.* CITY OF GRIFFIN.

EVANS, P. J. Under the Civil Code (1910), § 910,. no person having a claim for money damages against a municipal corporation of this State, on account of injuries to person or property, shall bring any suit against the municipal corporation for the same, without first presenting in writing. such claim to the governing authority of the municipality for adjustment, stating the time, place, and extent of the injury as nearly as practicable, and the negligence which caused the same; and no such suit shall be entertained by the courts against such municipality until the cause of action therein has been presented for adjustment. Where, in an action for personal injuries against a city, compliance with the statute is alleged, and such allegation is denied by the city, it is a necessary part of the plaintiff's case that he prove compliance with the statute, and on failure to show substantial compliance therewith it is not error to grant a nonsuit. *City of Tallapoosa* v. *Brock*, 138 *Ga.* 622 (75 S. E. 644). *Judgment affirmed. All the Justices concur.* DECEMBER 11, 1913.

Action for damages. Before Judge Daniel. Spalding superior court. January 24, 1913.

*W. H. Connor* and *T. E. Patterson*, for plaintiff.

*Cleveland & Goodrich* and *W. E. H. Searcy Jr.*, for defendant.

---

### TRIPP *et al.*, trustees, *v.* EVANS, *et al.*

FISH, C. J. Under the facts of this case it is controlled by the decision of *Webb* v. *Jackson*, 141 *Ga.* 55 (80 S. E. 274).

*Judgment affirmed. All the Justices concur.* DECEMBER 11, 1913.

Petition for mandamus. Before Judge Worrill. Early superior court. September 27, 1913.

*Rambo & Wright*, for plaintiffs. *Little, Powell, Hooper & Goldstein* and *Byron R. Collins*, for defendants.