A95A2024. BANK SOUTH, N. A. v. GRIZZLE et al.
(462 SE2d 170)

BIRDSONG, Presiding Judge.

By grant of interlocutory appeal, Bank South appeals the denial of summary judgment in this suit on defendant Dean Grizzle's guaranty of a promissory note. The limit on Grizzle's liability under his guaranty was $50,000 principal, plus interest, reasonable attorney fees and costs of collection, and his guaranty was to remain in effect "indefinitely, unless and until [Grizzle] shall deliver written notice of termination to the bank."

Grizzle says he wrote a letter terminating his guaranty. After the date on which Grizzle says he sent this letter, Bank South renewed the note for $36,310.76. No new sums were advanced. Bank South says it has no record of such a letter from Grizzle and did not receive it, and that even if Grizzle had sent such a letter, his guaranty binds him to a renewal of the existing debt. *Held*:

1. Under *American Express &c. v. Berlye*, 202 Ga. App. 358, 360 (414 SE2d 499) (which also involved a guarantor's termination letter), no presumption arises that a letter has been received in the mail unless it is shown that the letter (1) was written; (2) was properly addressed to the party; (3) contained the correct postage; and (4) was duly mailed in the United States Post Office. No such showing was made in this case. Grizzle attempts to infer from circumstances that Bank South received his letter, but when there is no showing that the letter was mailed, ambiguous circumstances do not create an issue of fact as to whether the letter was received.

2. Even if Grizzle sent a termination letter, it was ineffective to terminate his guaranty of the renewal of the note. The guaranty provides: "This is a continuing guaranty, and shall remain in full force and effect indefinitely. . . . Upon receipt of . . . written notice of termination . . . *the undersigned shall remain liable hereunder for all then existing indebtedness, liabilities, and obligations of debtor . . . with any renewals and extensions thereof* . . . but . . . shall have no liability hereunder for new credit extended to debtor . . . after receipt of such written notice of termination." (Emphasis supplied.)

" 'A party may consent in advance to the conduct of future transactions and will not be heard to "claim his own discharge" upon the occurrence of that conduct.' " *Panasonic &c. v. Hall*, 197 Ga. App. 860, 861 (399 SE2d 733). Grizzle's guaranty binds him to the renewal of this note, and he cannot claim that the renewal discharged him.

Grizzle contends, however, that in the language of the guaranty the word "renew" clearly referred only to changes in the time or manner of payment and that his guaranty is terminated because Bank South changed the collateral by perfecting a security interest and also changed the interest rate. This allegation by Grizzle creates no bona fide controversy. The guaranty plainly provides: "The Bank is hereby authorized, without any notice to or consent of the [guarantor] to modify, extend, renew, or alter the time or manner of payment; increase, reduce, or otherwise change the interest rate or method of calculating interest; [and] release, impair, exchange or substitute collateral."

Grizzle's guaranty therefore extended to this renewal of the note under the plain terms of the guaranty, even if he had sent a letter attempting to terminate his guaranty. The trial court erred in denying summary judgment to Bank South.

*Judgment reversed. Johnson and Smith, JJ., concur.*

DECIDED SEPTEMBER 6, 1995.

*King & Carragher, Joseph R. Carragher*, for appellant.
*Sprouse, Tucker & Ford, William L. Tucker*, for appellees.