A03A2098. KEYSER v. ALLIED HOLDINGS, INC. et al.

(596 SE2d 713)

MILLER, Judge.

The plaintiffs (hereinafter "Allied") filed a verified complaint for injunctive relief and damages against their former employee, Ralph Keyser, on the ground that Keyser had violated the confidentiality and nonsolicit agreements in his employment contract. Following a hearing during which no evidence was presented, the trial court found that Keyser had violated the agreements, and that Allied was entitled to damages; but the court declined to enter an interlocutory injunction. The court further ordered that an advisory jury be impaneled to consider the amount of damages. Keyser appeals, citing several enumerations of error. Allied's complaint was not properly verified, and therefore the only evidence available for the court to consider was Keyser's affidavit, which stated that he did not violate the agreements; accordingly, we reverse.

Allied, engaged in the business of transporting vehicles from manufacturers to retailers, employed Keyser as its Director of Operations/Terminal Manager. Keyser signed confidentiality and nonsolicitation agreements as a condition of his employment. The confidentiality agreement provided that Keyser agreed "that during employment with [Allied] and for a period of (3) years following the cessation of that employment for any reason, [he] shall not directly or indirectly divulge or make use of any Confidential Information or Trade Secrets. . . ." The nonsolicitation agreement provided that Keyser agreed

> that during employment with [Allied] and for a period of 18 months following the cessation of employment for any reason, [he] will not directly or indirectly solicit or attempt to solicit any business in competition with the Business of Allied from any of [Allied's] customers or suppliers with whom [Keyser] had Material Contact during the last year of [his] employment with the Company.

Keyser resigned from his position with Allied and started his own company. In its complaint, Allied alleged that Keyser had access to Allied's trade secrets and confidential information, and that Keyser used such information, prior to leaving Allied's employ, to solicit Mitsubishi (then a customer of Allied). Keyser testified that he submitted his resignation and his two weeks notice to Allied on December 16, 2002, and that on December 30 he was contacted by Mitsubishi to submit a bid on a transportation contract. He further

testified that he did not solicit Mitsubishi, and that he did not use Allied's confidential information as he was not privy to such.

The trial court held a hearing at which no evidence was presented and only counsel for both sides argued, and ruled that the agreements were enforceable, that Keyser violated those agreements, and that Allied was entitled to damages. The court further ruled that it would impanel a jury to determine the amount of damages due Allied.

1. Keyser first contends that Allied's complaint was not properly verified. We agree. Allied attempted to verify the complaint by stating "the facts alleged therein are true to the best of [Allied's Senior Vice President's] knowledge and belief." For pleadings to be verified for summary judgment purposes, they must be based upon personal knowledge. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843) (1988). "[T]he requirement of personal knowledge may be met where the contents of the pleading indicate that material parts of it are statements within the personal knowledge of the party." (Citation and punctuation omitted.) Id. Here the pleadings do not indicate such, and Allied's purported verification is "just a variation of our old friend 'information and belief.' " (Citations omitted.) *Heavey v. Security Mgmt. Co.*, 129 Ga. App. 83, 85 (198 SE2d 694) (1973). Therefore, Allied's complaint does not contain sworn statements, but merely allegations.

As unsworn allegations are not evidence (see *Heavey v. Security Mgmt. Co.*, supra, 129 Ga. App. at 84), the only evidence remaining for the trial court to consider was Keyser's affidavit denying any solicitation. Thus, the trial court had no evidence on which to grant judgment in favor of the plaintiffs.

2. Our holding in Division 1 renders moot Keyser's remaining enumerations of error.

*Judgment reversed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MARCH 10, 2004.

*Harrison & Harrison, Anthony L. Harrison,* for appellant.
*Sutherland, Asbill & Brennan, Steven L. Polk, Megan B. Larkin,* for appellees.