A06A0479. FLETCHER et al. v. HATCHER.
(628 SE2d 169)

BLACKBURN, Presiding Judge.

In a personal injury suit against Gary Hatcher and April Daggs, plaintiffs Luther Fletcher and John Dobbs appeal the grant of summary judgment against them and in favor of Gary Hatcher. They contend that the trial court did not have jurisdiction over the case due to lack of venue. We disagree and affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1] So viewed, the record shows that Fletcher and Dobbs were injured in an automobile collision with Daggs, who drove a car loaned to her by Hatcher, a personal acquaintance. Fletcher and Dobbs filed suit in Lamar County against Daggs and Hatcher, based on Daggs's alleged negligence in driving and on Hatcher's alleged negligence in entrusting the vehicle to Daggs.

Plaintiffs' complaint alleged that Daggs lived in Lamar County and that venue was therefore proper in Lamar County, but they were unsuccessful in serving Daggs with a summons. By a consent order, the case was transferred from Lamar County to Butts County. Daggs filed a special appearance and a motion to dismiss challenging plaintiffs' diligence in serving process against her, and the Butts County Superior Court dismissed her from the suit. That order was not appealed.

Plaintiffs then filed a motion to transfer venue, contending that Hatcher lived in and was served in Clayton County, and that, with no other defendant in the case, the Butts County Superior Court was not the proper venue. Hatcher's answer denied that he lived in Clayton

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

County and denied that venue or service was proper, but he nevertheless moved for summary judgment in the Butts County Superior Court, submitting evidence and challenging the merits of the vicarious liability claim against him. After plaintiffs failed to respond for 41 days, the Butts County Superior Court granted Hatcher's motion for summary judgment, giving rise to this appeal. The court did not rule on plaintiffs' motion to transfer venue.

1. Plaintiffs contend that the trial court lacked jurisdiction to grant Hatcher's motion for summary judgment, in that the dismissal of Daggs left the trial court without jurisdiction over Hatcher. We disagree.

In general, in a case such as this involving alleged joint tortfeasors residing in different counties, the case "may be tried in either county." Ga. Const. 1983, Art. VI, Sec. II, Par. IV. Accordingly,

[w]here suit is brought against two defendants, one of whom resides in the county, the court has no jurisdiction of the non-resident defendant unless the resident codefendant is liable in the action. In addition, the trial court loses venue as to the nonresident defendant if no judgment is taken against the resident defendant, whether the resident is found not liable or dismissed with prejudice.

(Citation and punctuation omitted.) *Robinson v. Star Gas of Hawkinsville.*[2]

However, plaintiffs, having filed the case and submitted to the jurisdiction of the superior court, lack standing to object to an alleged lack of personal jurisdiction or improper venue with respect to Hatcher, a defendant. See *In the Interest of A. J. M.*[3] Moreover, objections to venue, insufficiency of process, and personal jurisdiction may be waived. *Burch v. Dines.*[4] As Hatcher did not preserve these defenses in the pretrial order, and submitted his motion for summary judgment on the merits based on evidence he offered, the trial court was authorized to deem these defenses waived. See *Exum v. Melton.*[5]

2. Turning next to Hatcher's motion for summary judgment as to the claim of negligent entrustment, we note that "Georgia requires that the entrustor of a vehicle have actual knowledge of the incompetence[, if any,] of the person to whom the vehicle is entrusted in

---

[2] *Robinson v. Star Gas of Hawkinsville*, 243 Ga. App. 112, 113 (533 SE2d 97) (2000).
[3] *In the Interest of A. J. M.*, 277 Ga. App. 646 (627 SE2d 399) (2006).
[4] *Burch v. Dines*, 267 Ga. App. 459, 461 (2) (600 SE2d 374) (2004).
[5] *Exum v. Melton*, 244 Ga. App. 775, 777 (2) (b) (536 SE2d 786) (2000).

order to be held liable." *Marshall v. Whaley*.[6] In an affidavit submitted with his motion for summary judgment, Hatcher averred that he had no knowledge of any incompetence on the part of Daggs. Even viewed in the light most favorable to plaintiffs, this uncontradicted evidence authorized the trial court to grant Hatcher's motion for summary judgment, as plaintiffs failed to submit any countervailing evidence on that legally dispositive issue. See *Gunn v. Booker*.[7] We do not consider the allegations in plaintiffs' verified complaint to be evidence, because the verification therein was based on "the best of [plaintiffs'] knowledge and belief." As personal knowledge (not belief) is required in a verification for summary judgment purposes, plaintiffs' complaint contains mere allegations and not sworn statements. *Keyser v. Allied Holdings*.[8] Accordingly, plaintiffs' enumeration is without merit.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MARCH 7, 2006.

*Martin M. Kendall*, for appellants.
*Beck, Owen & Murray, Samuel A. Murray, Jr.*, for appellee.

---

[6] *Marshall v. Whaley*, 238 Ga. App. 776, 779 (3) (520 SE2d 271) (1999).
[7] *Gunn v. Booker*, 259 Ga. 343, 347 (3) (381 SE2d 286) (1989).
[8] *Keyser v. Allied Holdings*, 266 Ga. App. 192, 193 (1) (596 SE2d 713) (2004).