## A08A0825. WHATLEY v. SHARMA et al.
### (661 SE2d 590)

BLACKBURN, Presiding Judge.

In this civil action for damages caused by the felling of a tree, defendant/homeowner Melvin Whatley appeals (by permission) the denial of his motion for summary judgment as to the claims of his neighbors Atul and Parveen Sharma, onto whose property Whatley's tree fell. Whatley argues that he engaged an independent contractor to fell the tree, over whose actions he had no control. We agree and therefore reverse.

Summary judgment is proper only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that in early January 2006, Whatley hired a tree-cutting contractor for a single job: to remove two trees from Whatley's yard for a price of $1,100 (to be paid on completion). The oral contract did not specify the method of tree removal nor did Whatley give instructions on the method of tree removal. Soon thereafter on January 12, the contractor arrived at the site with a "tree climber," whom the contractor had hired in case they needed to fell the trees by cutting them into sections (also known as "topping off" the trees) as opposed to felling the trees as an entire unit. They felled the first tree as an entire unit with no difficulty. Based on the tree climber's recommendation, the contractor told Whatley that they intended to also fell the second tree as an entire unit, to which Whatley responded, "[I]f you can do it, do it." When so felled, however, this second tree, which was located on a hill on Whatley's property that sloped toward the nearby property line,

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

twisted despite the efforts of the contractor and fell into the neighboring yard of the Sharmas, damaging their trees and outdoor fountain. The Sharmas testified that the felling of the tree as an entire unit could only occur so as to damage their property.

The Sharmas sued the contractor, seeking to recover for the property damage caused by the felling of the second tree. They maintained that the contractor was negligent in felling the tree as an entire unit rather than "topping off" the tree. Asserting respondeat superior, the Sharmas also included Whatley as a defendant. Whatley moved for summary judgment, arguing that he was not responsible for the actions of the contractor, who he claimed was an independent contractor. The denial of that motion led to this appeal.

"A person who engages an independent contractor is generally not responsible for any torts committed by the independent contractor. OCGA §§ 51-2-4; 51-2-5; *Kraft Gen. Foods v. Maxwell*."[2] *Green v. Home Depot U.S.A.*[3]

> The reason for the rule is that since the employer has no right of control over the manner in which the work is to be done, it is to be regarded as the contractor's own enterprise, and he, rather than the employer, is the proper party to be charged with the responsibility for preventing the risk, and administering and distributing it.

(Punctuation omitted.) *Peachtree-Cain Co. v. McBee*.[4] Thus, unrefuted evidence that the tortfeasor was an independent contractor requires the trial court to grant summary judgment to the hiring party as a matter of law. *Green*, supra, 277 Ga. App. at 782 (1) (b). See *Slater v. Canal Wood Corp.*[5]

The key in making this determination is "whether the contractor is truly independent or whether he is simply the employer's alter ego." *Perry v. Soil Remediation*.[6]

> The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of execution of the work, as contradistinguished from the right to insist upon the contractor producing results according to the

---

[2] *Kraft Gen. Foods v. Maxwell*, 219 Ga. App. 211 (1) (a) (464 SE2d 639) (1995).
[3] *Green v. Home Depot, U.S.A.*, 277 Ga. App. 779, 782 (1) (b) (627 SE2d 836) (2006).
[4] *Peachtree-Cain Co. v. McBee*, 254 Ga. 91 (1) (327 SE2d 188) (1985).
[5] *Slater v. Canal Wood Corp.*, 178 Ga. App. 877, 878 (1) (345 SE2d 71) (1986).
[6] *Perry v. Soil Remediation*, 221 Ga. App. 386, 387 (1) (471 SE2d 320) (1996).

contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer in the time, manner, and method in the performance of the work.

(Punctuation omitted.) Id. See *Sloan v. Hobbs Sporting Goods Shop*.[7]

Here, the unrefuted evidence shows that Whatley engaged a professional tree-cutting contractor for a clearly-defined job: to remove two trees for a set price. As a homeowner inexperienced in such matters, Whatley provided the contractor no equipment or tools for the job and gave no instructions on how to take down the trees but rather (in the words of the contractor) gave him "freelance" to cut down the trees as he saw best. In consultation with the tree climber, the contractor made the decision to cut down the second tree as an entire unit based on the contractor's belief that he could cause the tree to fall into Whatley's yard alone.

The Sharmas (and the trial court below) focus on a single conversation between the contractor and Whatley as evidence that Whatley controlled the contractor's actions. They argue that Whatley's statement — "if you can do it, do it" — in response to the contractor's statement that he intended to take the tree down as an entire unit showed that Whatley was controlling the contractor's actions. However, this response was simply more evidence that the contractor was free to fell the tree as he saw fit; Whatley was expanding, not contracting, the options available to the contractor to remove the tree, to whom was committed the discretion as to the final decision of the method of removal. At most, this was a suggestion or recommendation, and *Kraft Gen. Foods*, supra, 219 Ga. App. at 212 (1) (a), emphasized that it is not enough that the owner has the general right

to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right does not mean that the contractor is controlled as to his methods of work. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

(Punctuation omitted.) Whatley's single suggestion or comment here that the contractor could proceed with felling the tree as an entire unit did not necessarily have to be followed but was simply confirming the freedom of the contractor to fell the tree as he deemed appropriate. Accordingly, the trial court erred in finding that this

---

[7] *Sloan v. Hobbs Sporting Goods Shop*, 145 Ga. App. 255, 257 (243 SE2d 673) (1978).

comment provided the missing evidence of control and in denying summary judgment to Whatley. See *Weiss v. Kling*.[8]

The Sharmas contend, however, that an exception to the "independent contractor" rule places liability on Whatley. OCGA § 51-2-5 (1) provides that "[a]n employer is liable for the negligence of a contractor . . . [w]hen the work is wrongful in itself. . . ." The Sharmas maintain that the felling of this tree in one piece so close to their yard necessarily required trespass onto their yard and therefore was wrongful in itself. However, the competent[9] evidence is undisputed that Whatley never told the contractor he could go onto the Sharmas' property and that the contractor believed he could fell the tree without going onto their yard. Moreover, just as a landowner's hiring someone to remove brush from his land is not "wrongful in itself" (even though the contractor ended up trespassing onto a neighbor's yard), see *Sorrow v. Hadaway*,[10] a landowner's hiring someone to remove a tree from his yard can hardly be called a wrongful act in itself, even if the contractor ends up (without direction from the landowner) trespassing onto the neighbor's yard while performing the contract. See *Weiss*, supra, 96 Ga. App. at 620 (1).

The trial court erred in denying Whatley's motion for summary judgment.

*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 3, 2008 —
RECONSIDERATION DENIED APRIL 18, 2008.

*Downey & Cleveland, James T. Ponton*, for appellant.
*Robert H. McDonnell*, for appellees.

---

[8] *Weiss v. Kling*, 96 Ga. App. 618, 620 (1) (101 SE2d 178) (1957) (physical precedent only).

[9] The Sharmas cite to an unsworn statement in an unauthenticated letter allegedly signed by the contractor that he was told he had permission to go onto the Sharmas' property. However, the Sharmas never asked the contractor about the letter (nor about its subject matter) during his deposition, and as hearsay, the letter cannot serve as probative evidence against Whatley. See *Kirkland v. Tamplin*, 285 Ga. App. 241, 243 (1) (a) (645 SE2d 653) (2007) (inadmissible hearsay has no probative value on summary judgment).

[10] *Sorrow v. Hadaway*, 269 Ga. App. 446, 450 (1) (b) (604 SE2d 197) (2004).