## A09A1086. JONES v. CITY OF WILLACOOCHEE.
(683 SE2d 683)

BERNES, Judge.

This appeal arises out of the trial court's grant of summary judgment to the City of Willacoochee on the negligence claim brought against it by Carlos D. Jones. Because Jones failed to show that he timely presented a written ante litem notice of his negligence claim to the City, we affirm.[1]

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. We review de novo a trial court's grant of summary judgment.

(Citations and punctuation omitted.) *Duke Galish, LLC v. Manton*, 291 Ga. App. 827, 827-828 (662 SE2d 880) (2008). See OCGA § 9-11-56 (c).

So viewed, the record reflects that on June 5, 2005, Jones brought this damages action against the City of Willacoochee for injuries allegedly caused by a City employee's negligence in mowing grass along a public highway. The complaint, which was unverified, alleged that the mowing incident occurred on July 14, 2003. The complaint further alleged that in accordance with OCGA § 36-33-5, Jones provided written notice of his claim for monetary damages to the City within six months of the mowing incident. Attached to the complaint was the purported ante litem notice addressed to the City and dated September 4, 2003.

The City filed a verified answer in which, among other things, it denied having been provided with a written ante litem notice from Jones within the required six-month period. The City thereafter moved for summary judgment on that same ground and on several additional grounds.

Jones filed a brief in opposition to the motion for summary judgment in which he argued that a written ante litem notice had been timely presented to the City. Attached as an exhibit to Jones's

---

[1] In light of our decision to affirm based upon the failure to timely present a written ante litem notice, we need not address the City's alternative grounds for why summary judgment was proper.

brief was the same purported ante litem notice that had been attached to his unverified complaint. Jones, however, did not submit any affidavits, deposition testimony, or other documentary evidence in support of his brief opposing summary judgment.

The trial court granted summary judgment in favor of the City without articulating the basis for its decision. On appeal, Jones argues that the trial court erred because he presented sufficient evidence to create a genuine issue of material fact over whether he complied with the ante litem statute, OCGA § 36-33-5. We disagree.

> Under OCGA § 36-33-5 (b), any person having a claim for money damages against a city arising out of injuries to person or property is required to present a claim, in writing, stating the time, place, extent of injury, and the negligence that caused the injury. The giving of notice in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim.

(Punctuation and footnote omitted.) *City of Atlanta v. Broadnax*, 285 Ga. App. 430, 439 (5) (646 SE2d 279) (2007). See also *Davis v. City of Forsyth*, 275 Ga. App. 747, 747-748 (1) (621 SE2d 495) (2005). The written notice must be provided within six months of the occurrence of the event giving rise to the damages claim. OCGA § 36-33-5 (b). See *Nicholas v. Van*, 252 Ga. App. 411, 412 (556 SE2d 497) (2001). The burden is upon the plaintiff to prove substantial compliance with the statute. *Bostwick v. City of Griffin*, 141 Ga. 120 (80 SE 657) (1913). If the plaintiff fails to prove such compliance, and if the event giving rise to the plaintiff's claim occurred more than six months prior to the filing of the complaint, then summary judgment in favor of the defendant municipality is appropriate. See *City of Chamblee v. Maxwell*, 264 Ga. 635, 638 (452 SE2d 488) (1994).

Applying these principles, we conclude that summary judgment was appropriate because Jones failed to present any competent evidence that a written ante litem notice was provided to the City within the required six-month period. While Jones attached a copy of a purported ante litem notice to his unverified complaint and brief opposing summary judgment, he did not submit an affidavit or deposition testimony authenticating the notice. And unverified allegations in his complaint and opposition brief concerning the notice were "not evidence for purposes of summary judgment resolution." (Citation and punctuation omitted.) *Worley v. Chuck Clancy Ford of Marietta*, 206 Ga. App. 296, 297 (425 SE2d 376) (1992). See also *Cordell v. Bank of North Ga.*, 295 Ga. App. 402, 404 (1) (a) (672 SE2d 429) (2008) (exhibits attached to the complaint were not properly authenticated because "the complaint is not evidence and thus may

not be considered in deciding a motion for summary judgment") (citation, punctuation, footnote and emphasis omitted). As such, the unauthenticated, purported notice was not competent evidence that could create a genuine issue of material fact for purposes of summary judgment. See *Whatley v. Sharma*, 291 Ga. App. 228, 231, n. 9 (661 SE2d 590) (2008) (unauthenticated letter had no probative value on summary judgment); *White v. City of Atlanta*, 248 Ga. App. 75, 76, n. 3 (545 SE2d 625) (2001) (same). See also *Achor Center v. Holmes*, 219 Ga. App. 399, 401 (1) (465 SE2d 451) (1995) ("[E]vidence must be competent and admissible to raise a genuine issue of material fact on review of a summary judgment motion.") (citation and footnote omitted).

Furthermore, even if a copy of the purported notice was itself admissible into evidence, there nevertheless was no competent evidence that the notice was ever presented to the City. "[N]o presumption arises that a letter has been received in the mail unless it is shown that the letter (1) was written; (2) was properly addressed to the party; (3) contained the correct postage; and (4) was duly mailed in the United States Post Office." (Citation and punctuation omitted.) *Bank South v. Grizzle*, 218 Ga. App. 462 (1) (462 SE2d 170) (1995). Because there was no affidavit, deposition testimony, certified mail receipt, or other documentary evidence reflecting that the notice was ever mailed with correct postage affixed, Jones failed to create a genuine issue of material fact over whether the notice was ever presented to or received by the City. See id.; *American Express &c. Co. v. Berlye*, 202 Ga. App. 358, 360 (2) (414 SE2d 499) (1991).

Given the lack of competent evidence presented by Jones that proper ante litem notice was provided to the City, the trial court correctly granted the City's motion for summary judgment. See, e.g., *Maxwell*, 264 Ga. at 638; *Harris-Jackson v. City of Cochran*, 287 Ga. App. 722, 724 (652 SE2d 607) (2007). While the trial court did not specify its reason for granting summary judgment, "[a] grant of summary judgment must be affirmed if right for any reason, whether stated or unstated." (Citation and punctuation omitted.) *Duke Galish, LLC*, 291 Ga. App. at 828.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 18, 2009.

*F. Shea Browning*, for appellant.
*William A. King*, for appellee.