S12G1393. GEORGIA-PACIFIC, LLC et al. v. FIELDS et al.
S12G1417. UNION CARBIDE CORPORATION et al.
v. FIELDS et al.
(748 SE2d 407)

HINES, Presiding Justice.

This Court granted a writ of certiorari to the Court of Appeals in *Union Carbide Corp. v. Fields*, 315 Ga. App. 554 (726 SE2d 521) (2012), which involves assignment of tort liability to entities who are not parties to the suit, as provided for in OCGA § 51-12-33 (c). Finding that the Court of Appeals erred in Division 1 (d) of its opinion in holding that admissions concerning the nonparties found in the pleadings and elsewhere did not constitute evidence for the purpose of summary judgment, and also erred in applying the "right for any reason" rule to the issue, we reverse.

As set forth in the opinion of the Court of Appeals, and as revealed in the record before the trial court, the facts of the case are the following. Rhonda Fields ("Mrs. Fields") suffers from peritoneal mesothelioma allegedly contracted as a result of her childhood exposure to asbestos dust from various sources. She and her husband ("the Fields") alleged in their complaint, and the accompanying sworn information form of Mrs. Fields, see OCGA § 51-14-7, that Georgia-Pacific, LLC and Union Carbide Corporation ("Defendants"), as well as a number of other companies, were responsible for either mining, manufacturing, processing, importing, converting, compounding, selling, or distributing the asbestos-containing products to which Mrs. Fields was exposed. The Fields separately reached settlements with a number of nonparty entities and original defendants, and in pleadings subsequent to the original complaint, omitted any allegation that Central Moloney, Inc. ("Central Moloney"), Nehring Electrical Works Company ("Nehring"), Phelps Dodge Cable & Wire

("Phelps Dodge"),[1] Southern States LLC ("Southern States"), and Southwire Company ("Southwire") (collectively "nonparty entities") were responsible for Mrs. Fields's injuries.

As the case proceeded in the trial court, the Fields moved for partial summary judgment on the issue of nonparty fault, seeking to preclude Defendants from presenting the potential fault of the nonparty entities for purposes of apportioning potential damages. The state court granted the motion, and the Court of Appeals affirmed.

1. In Division 1 (d) of its opinion, the Court of Appeals addressed the Defendants' argument that summary judgment on this issue was inappropriate because the Defendants had

> presented sufficient evidence, in the form of allegations contained in the Fieldses' complaint and in Mrs. Fields' sworn information form, to preclude summary judgment on their nonparty defense as it pertained to the potential fault of nonparties Central Moloney, Nehring, Phelps Dodge, Southern States, and Southwire.

*Union Carbide*, supra at 562 (footnote omitted). The Court of Appeals held that

> [a]s an initial matter, unverified allegations in a plaintiff's complaint are generally not evidence for purposes of defeating summary judgment. See *Jones v. City of Willacoochee*, 299 Ga. App. 741, 742 (683 SE2d 683) (2009). Nor are allegations in a verified complaint. See *Fletcher v. Hatcher*, 278 Ga. App. 91, 93 (2) (628 SE2d 169) (2006) ("We do not consider the allegations in plaintiffs' verified complaint to be evidence, because the verification therein was based on 'the best of plaintiffs' knowledge and belief.' ") (punctuation omitted). "As personal knowledge (not belief) is required in a verification for summary judgment purposes, plaintiffs' complaint contains mere allegations and not sworn statements." (Citation and footnote omitted.) Id. Mrs. Fields' sworn information form is no different than a verification form submitted in support of a complaint — that is, Mrs. Fields' form

---

[1] It does not appear that Phelps Dodge was named as a defendant in the original complaint, or in any of the three amended complaints. In Mrs. Fields's sworn information form under OCGA § 51-14-7, "Phelps Dodge Cable and Wire (BICC CABLES CORP.)" was named as a manufacturer of asbestos products to which Mrs. Fields was exposed; the original complaint, as well as the amended complaints, named as a defendant "GENERAL CABLE INDUSTRIES, INC., individually and as a successor in interest to BICC CABLES CORP." For the purposes of this opinion, we assume that "Phelps Dodge" is incorporated in references to BICC CABLES CORP., or GENERAL CABLE INDUSTRIES, INC.

explicitly stated that the information contained therein was based upon the "best of her knowledge and belief."

*Union Carbide*, supra at 562 (1) (d). However, neither of the opinions relied upon by the Court of Appeals pertains to this situation; both cases dealt with arguments presented by plaintiffs that the allegations in *their own* pleadings served to defeat the motion for summary judgment made by the opposing party. See *Jones*, supra; *Fletcher*, supra. Rather, the law governing this situation is expressed in then-effective OCGA § 24-3-30, which read: "Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleadings *of the other*." (Emphasis supplied.) See current OCGA § 24-8-821.[2] Such admissions or allegations appearing in the pleadings are treated as admissions in judicio and, if not withdrawn, are conclusive of the facts contained therein. See *Mims v. Jones*, 135 Ga. 541, 544 (1) (69 SE 824) (1910); *Walker v. Jack Eckerd Corp.*, 209 Ga. App. 517, 519-520 (1) (434 SE2d 63) (1993).

Further, the admissions and allegations upon which the Defendants wished to rely in meeting the motion for summary judgment were admissions of fact, i.e., that Mrs. Fields had been exposed to asbestos-containing products which the nonparty entities had produced or distributed. As such, they were not " 'merely the opinion or conclusion of the pleader as to law or fact,' " *Howell Mill/Collier Assoc. v. Pennypacker's, Inc.*, 194 Ga. App. 169, 172 (2) (390 SE2d 257) (1990), and thus they serve as admissions in judicio. Id.

The Fields contend that Mrs. Fields lacked personal knowledge as to the facts appearing in the sworn information form, stated the facts "to the best of her knowledge and belief," and the admissions are thus prevented from being considered evidence in any manner. However, that is of no moment.

It is incidental that this averred information may not have originated within plaintiff's personal knowledge; having placed it within [the] pleading as a statement of fact, [plaintiff] cannot escape the effect of his pleading strategy merely by asserting that the pleaded information was based on matters within the knowledge of a third person. Admissions are received in evidence either as a hearsay exception or as non-hearsay (Green, Ga. Law of Evid. (3d ed.), Admissions,

---

[2] OCGA § 24-8-821, effective January 1, 2013, reads:
   Without offering the same in evidence, either party may avail himself or herself of allegations or admissions made in the pleadings of the other.

§ 234); suffice it to say that under either theory admissions are not rendered inadmissible through a claim of hearsay.

*Walker*, supra at 518 (1).

The Fields also contend that amendments to their original pleadings had the effect of withdrawing the admissions at issue. They are correct that withdrawal or amendment prevents the original admissions from serving as solemn admissions in judicio. See *Richmond County v. Sibert*, 218 Ga. 209, 212 (1) (a) (126 SE2d 761) (1962); *Walker*, supra at 519-520 (1). But, that does not have the effect of wiping such admissions from the record for all purposes. Rather,

> the statements contained in [plaintiffs'] initial pleadings are controlling. [Former] OCGA § 24-3-30 provides that a party may avail himself of allegations contained in the other party's pleadings without the necessity of offering them into evidence. [Cits.] In fact, a party to a suit will not even be allowed to disprove an admission made in his pleadings without first withdrawing it from the record. [Cit.] Where the pleading has been stricken, the admission contained therein remains to be utilized as evidence of fact which the admitting party can explain but may be unable to conclusively refute.

*Strozier v. Simmons U.S.A. Corp.*, 192 Ga. App. 601, 602-603 (385 SE2d 677) (1989). Thus, the Fields, having made the admissions in their original pleadings, "could not establish as a matter of law that the admission[s] w[ere] untrue, but only could raise an issue of fact for a jury to determine." Id. at 603.

> Although a party may withdraw or strike from the pleadings an admission in judicio by amendment and tender evidence to contravene such admission, the opposite party can tender in evidence the original admission in judicio against such party as an admission against interest. [Cits.] Even after its withdrawal, an opposing party "undeniably [has] a right to use it as evidence." [Cit.]

*R.D. Stallion Carpets, Inc. v. Dorsett Indus., L.P.*, 244 Ga. App. 719, 724 (536 SE2d 523) (2000) (Punctuation omitted.)[3] See also *Lydia*

---

[3] Although the Fields cite cases in which it is noted that a party's failure to withdraw an admission leaves the same to serve as a conclusive presumption of law, see, e.g., *Nhan v.*

*Pinkham Medicine Co. v. Gibbs*, 108 Ga. 138, 140-141 (1) (33 SE 945) (1899). Accordingly, faced with the motion for summary judgment, the Defendants should have been permitted to point to the admissions in the Fieldses' pleadings to contest the motion. See *Woodcraft by MacDonald, Inc. v. Ga. Casualty and Surety Co.*, 293 Ga. 9, 10 (743 SE2d 373) (2013); *Macfarlan v. Atlanta Gastroenterology Assoc., Inc.*, 317 Ga. App. 887 (732 SE2d 292) (2012).[4] The trial court, and the Court of Appeals, erred in holding otherwise.

2. In Division 1 (d) of its opinion, the Court of Appeals also stated that, even if Defendants relied upon the admissions made by the Fields to contest summary judgment, such would not be

> sufficient to defeat summary judgment on Defendants' non-party defense as . . . Defendants have not offered any evidence, expert or otherwise, showing that Mrs. Fields's alleged exposure to these five nonparties' products in fact contributed to the development of Mrs. Fields's mesothelioma.

*Union Carbide*, supra at 562-563 (1) (d) (Footnote omitted.) However, the Court erred in advancing this as an alternative basis for affirming the grant of summary judgment.

In their motion for summary judgment, the Fields sought to pierce Defendants' claim that it was appropriate for the jury to include the nonparty defendants in apportioning any damages that might be awarded. The Fields attempted to do so by showing that there was no evidence of Mrs. Fields's exposure to products manufactured by the nonparty defendants; they did not attempt to attack Defendants' contention by asserting that there was no evidence of any such exposure *causing* Mrs. Fields's condition. In fact, the Fields did not argue any issue of causation, asserting only that "[t]he record reveals no evidence sufficient to create a jury question regarding the fact of Plaintiff Rhonda Fields' alleged exposure to such asbestos-containing products."[5] "The law is well established that [Defendants] as the non-movant[s] w[ere] not required to produce any counter

---

*Wellington Square, LLC*, 263 Ga. App. 717, 722 (1) (589 SE2d 285) (2003), such cases miss the mark; even when withdrawn, the admissions remain as evidence available to the opposing party. *Nhan*, supra, has no application to the Fieldses' situation; it did not address a party's reliance upon the evidentiary effect of the admissions of an *opposing* party, but rather the binding effect under then OCGA § 24-14-26 of that party's *own* never-withdrawn admissions.

[4] Nothing in *McReynolds v. Krebs*, 290 Ga. 850, 853 (1) (725 SE2d 584) (2012), enlightens this opinion, as no question regarding the effect of former OCGA § 24-3-30 was presented to, or addressed by, this Court in that case. See *State v. Outen*, 289 Ga. 579, 582 (714 SE2d 581) (2011).

[5] In their motion, the Fields referred to "asbestos-containing products associated with any non-party whom Defendants wish to have listed on the jury form."

evidence or materials in affirmative support of [their] side of the issue until [the Fields] carried the burden placed upon [them] as the movant for summary judgment." *Solomon v. Barnett*, 281 Ga. 130, 132 (636 SE2d 541) (2006).

Of course, appellate courts apply the "right for any reason" rule when reviewing grants of summary judgment, *City of Gainesville v. Dodd*, 275 Ga. 834, 835 (573 SE2d 369) (2002), but that rule cannot be applied so as to affirm the trial court on the alternative basis the Court of Appeals discussed. "[A] grant of summary judgment must be affirmed if it is right for any reason, whether stated or unstated in the trial court's order, *so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond.*" *Anderson v. Jones*, 323 Ga. App. 311, 312, n. 2 (745 SE2d 787) (2013). (Emphasis supplied.) See also *City of Gainesville*, supra at 839. Had causation been an issue presented in the Fieldses' motion for summary judgment, and then not addressed by the trial court in granting the motion, application of the "right for any reason" rule would have been appropriate. See *Abellera v. Williamson*, 274 Ga. 324, 326 (2) (553 SE2d 806) (2001). But as causation was not raised in the motion, the "right for any reason" rule should not have been invoked.

*Judgment reversed. Thompson, C. J., Benham, Hunstein, Melton, Blackwell, JJ., and Judge N. Stanley Gunter concur. Nahmias, J., disqualified.*

DECIDED SEPTEMBER 9, 2013.

*Nelson, Mullins, Riley & Scarborough, Lee A. Anand, Melinda L. Moseley, King & Spalding, Richard A. Schneider*, for Georgia-Pacific.
*Alston & Bird, Lawrie E. Demorest, James C. Grant, W. Clay Massey*, for Union Carbide Corporation.
*Evert, Weathersby & Houff, Ivan A. Gustafson, Frances L. Spinelli*, for CBS Corporation.
*Robert C. Buck*, for the Fields.