**FIRST DIVISION**
**BARNES, P. J.,**
**MERCIER and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 22, 2019**

# In the Court of Appeals of Georgia

A19A0444. SHADDER et al. v. HOLLAND.

BROWN, Judge.

Heather Shadder and John Shadder ("the Shadders") appeal from the trial court's order granting partial summary judgment in favor of Heather Shadder's aunt, Naomi Holland, in connection with real property she purchased for the Shadders. On appeal, the Shadders contend that the trial court erred by imposing a constructive trust on the property. For the reasons explained below, we reverse.

"On appeal, we review the grant or denial of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party." (Citation and punctuation omitted.) *LeCroy v. Bragg*, 319 Ga. App. 884, 885 (1) (739 SE2d 1) (2013). The record evidence which can be considered in support of the trial court's grant of partial summary judgment in this case is limited to the facts

contained in Holland's verified complaint,[1] the Shadders' responses to Holland's requests for admission,[2] and admissions in judicio within other pleadings filed by the Shadders. See *Georgia-Pacific v. Fields*, 293 Ga. 499, 501 (1) (748 SE2d 407) (2013) ("admissions or allegations appearing in the pleadings are treated as admission in judicio and, if not withdrawn, are conclusive of the facts contained therein").

While the record includes the Shadders' responses to Holland's interrogatories, they are not verified and cannot be considered in *opposition* to Holland's motion. OCGA § 9-11-33 (a) (2) ("[e]ach interrogatory shall be answered separately and fully in writing under oath"); *Lee v. CSX Transp.*, 233 Ga. App. 30, 31 (2) (503 SE2d 309) (1998) (plaintiff's unverified interrogatory responses not considered to oppose defendant's summary judgment motion). Similarly, we can consider only the

---

[1] Holland's verification stated "that the facts alleged in the foregoing Complaint are true and correct based upon her personal knowledge." Compare *Fletcher v. Hatcher*, 278 Ga. App. 91, 93 (2) (628 SE2d 169) (2006) (refusing to consider allegations in plaintiffs' complaint in opposition to defendant's motion for summary judgment because verification was based "on the best of plaintiffs' knowledge and belief" rather than the requisite personal knowledge required for summary judgment purposes) (punctuation omitted).

[2] While the Shadders' responses are not verified, OCGA § 9-11-36 (a) (2) requires only that it be "signed by the party or by his attorney." "Any matter admitted under this Code section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." OCGA § 9-11-36 (b).

2

admissions in judicio within the Shadders' answer, because their verification stated that "facts contained" were "true and correct to the best of [their] information, knowledge, and belief[,]" rather than personal knowledge. See *Sirdah v. North Springs Assoc.*, 304 Ga. App. 348, 352 (3) (696 SE2d 391) (2010); *Fletcher v. Hatcher*, 278 Ga. App. 91, 93 (2) (628 SE2d 169) (2006).

Holland alleges in her verified complaint that in 2013, she gave the Shadders approximately $122,000 to purchase property with an address of 17 Hunters View. On August 27, 2013, the Shadders obtained an unencumbered warranty deed for the Hunters View property. In early 2017, "the Shadders again sought Ms. Holland's assistance to purchase a larger home, which they . . . need[ed] due to their growing family. Ms. Holland again agreed to assist the Shadders, this time by providing approximately $199,900[] to purchase the improved real property located at 50 Ferguson Drive. . . ." Holland gave the money to the Shadders for both properties based upon "their representation . . . that they intended to live in [them]." After moving from the Hunters View property to the Ferguson property, the Shadders subsequently moved out of the Ferguson property and back into the Hunters View property.

In their response to Holland's request for admission, the Shadders admitted the following facts: both properties were "given" to them "so that [their] family could reside there;" that they have listed both the Hunters View and Ferguson properties for sale with the intention of buying another property in which to live; that they have no intention to return any of the purchase money for the Hunters View and Ferguson properties to Holland; and that they have received a benefit from the properties. The Shadders have refused to comply with Holland's "demand[ to] quit-claim the Ferguson [p]roperty to her so that she [can] recoup her investment in that [p]roperty" or return the funds used to purchase it.

Holland's complaint, as amended, asserted theories of recovery against the Shadders based upon money had and received (Counts 1 and 3), unjust enrichment (Counts 2 and 4), bad faith attorney fees (Count 5), and constructive trust (Counts 6 and 7). After conducting only limited written discovery, Holland moved for partial summary judgment in her favor on her claims for money had and received, unjust enrichment, and imposition of a trust under OCGA § 44-5-87. Although the trial court heard oral argument on the motion, a transcript of this hearing does not appear in the record before us.

4

After the hearing, the trial court entered an order granting the motion for partial summary judgment. The only legal analysis[3] employed by the trial court to reach this result follows:

> "A constructive trust is a trust implied whenever the circumstances are such that the person holding legal title to the property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." OCGA § 53-12-132 (a). It is undisputed [that] Plaintiff purchased the Ferguson Property for Defendants as a gift, and that the purpose of the gift was so that the Defendants could live in the Ferguson Property. However, Georgia law is clear that "[i]f a gift is made for a specific purpose which is . . . expressed . . . and the purpose . . . from some other cause fails or cannot be accomplished, the donee shall hold the object of the gift as trustee for the donor or [her] next of kin." OCGA § 44-5-87. It is undisputed [that] the Ferguson Property was given to Defendants so that they could live there. It is further undisputed Defendants do not live in the Ferguson Property. Accordingly, the Court concludes – as a matter of law – that the gift has failed of its purpose, within the meaning of . . . 44-5-87, and therefore Defendants hold title to the Ferguson Property in trust for Plaintiff.

---

[3] The trial court's order contains no discussion of money had and received or unjust enrichment.

After finding that the Shadders hold title in trust for Holland, the trial court then ordered the Shadders to convey fee simple title to the Ferguson property to Holland.

On appeal, the Shadders contend that the trial court erred by failing to conclude that issues of fact preclude the imposition of a constructive trust in this case. We agree. The record in this case is too sparse and inadequate to apply the doctrine embodied in OCGA § 44-5-87 in favor of Holland as a matter of law. This Code section provides:

> If a gift is made for a specific purpose which is either expressed or is secretly understood and the purpose is illegal or from some other cause fails or cannot be accomplished, the donee shall hold the object of the gift as trustee for the donor or his next of kin.

Although there is a dearth of existing case law in Georgia interpreting this Code section, a treatise explains that "[w]hether a gift is conditional . . . is a question of the donor's intent, to be determined from any express declaration by the donor at the time of the making of the gift or from the circumstances." 38 Am. Jur2d, Gifts, § 67. See also *In re Stoltz*, 283 BR 842, 844 (D. Md. 2002). Additionally, "the mere fact that the donee fails to do what the donor hopes and expects of the donee does not warrant the revocation of a completed gift." 38 Am. Jur2d, Gifts, § 67. Based upon the particular facts and circumstances of this case and the present state of the record, we

cannot say as a matter of law that "the specific purpose" of the gift was sufficiently expressed or secretly understood to impose a trust under OCGA § 44-5-87.

The record in this case shows that Holland gave the Shadders money to purchase the Ferguson property in 2017, after Holland already had given them money in 2013 to purchase a home in which they could reside. It is undisputed that the Shadders used the second gift of money to purchase the Ferguson property and lived there for some period of time. The record is silent as to Holland's intent with regard to what should have happened to the Hunters View property after the Shadders purchased the Ferguson property with the second gift of money. It is also silent with regard to Holland's intent or a secret understanding, at the time the gifts were given, as to what would happen if the Shadders should no longer reside in either property. Based upon the facts presently in the record, Holland could have intended to give them either an absolute or a conditional gift. As her intent is unclear,[4] "it would be

[4] The issues of fact relating to Holland's intent at the time the gifts were given also preclude the grant of partial summary judgment based upon unjust enrichment. See *Roberts v. Smith*, 341 Ga. App. 823, 829 (2) (801 SE2d 915) (2017) ("[u]njust enrichment . . . does not apply when the conferred benefit was a gift or voluntary payment"). Moreover, without additional evidence regarding Holland's intent, it cannot be determined as a matter of law whether the Shadders "*in equity and good conscience*" should not be permitted to keep the gift. (Citation, punctuation and footnote omitted; emphasis supplied.) *Fernandez v. WebSingularity, Inc.*, 299 Ga. App. 11, 13 (2) (681 SE2d 717) (2009) (money had and received claim requires proof

inequitable to carry a [condition] into effect where the court is left to ascertain [her intent] by mere guess or conjecture, because it might be guilty of erroneously decreeing what the parties never intended or contemplated." (Punctuation and footnote omitted.) *Holcim (US) v. AMDG*, 265 Ga. App. 818, 821 (596 SE2d 197) (2004). Accordingly, we reverse the trial court's grant of partial summary judgment in favor of Holland and its order requiring the Shadders to convey title of the Ferguson property to Holland.

*Judgment reversed. Barnes, P. J., and Mercier, J., concur.*

---

that "a person has received money of the other that in equity and good conscience he should not be permitted to keep; demand for repayment has been made; and the demand was refused") (punctuation and footnote omitted).