**FIFTH DIVISION
MCFADDEN, P. J.,
GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**January 19, 2023**

# In the Court of Appeals of Georgia

A22A1533. CITY OF ALPHARETTA v. FRANCIS et al.

LAND, Judge.

Deanna Francis and her family that resides with her (collectively, "plaintiffs") filed a lawsuit against Fulton County and the City of Alpharetta, among others, claiming that their negligent maintenance of storm water drainage systems caused flooding in her home. The City filed a motion to dismiss, arguing that the plaintiffs' ante litem notice failed to comply with OCGA § 36-33-5 (e), which required them to provide the "specific amount of monetary damages being sought" from the City. The trial court denied the motion, and we granted the City's application for interlocutory review from that order. Because we find that the plaintiffs' ante litem notice failed to comply with OCGA § 36-33-5 (e), we reverse the trial court's denial of the City's motion to dismiss on all claims except for plaintiffs' claims for inverse condemnation.

However, because the issue of whether the plaintiffs' claim for inverse condemnation was subject to the requirements of the ante litem notice statute was not decided by the trial court below, we remand that issue to the trial court for further consideration.

This Court reviews a trial court's ruling on a motion to dismiss a complaint de novo. *Hall v. City of Blakely*, 361 Ga. App. 135, 135 (83 SE2d 393) (2021).

In October 2020, the plaintiffs' home flooded with storm water originating from sanitary sewer lines designed, maintained, and operated by Fulton County, and from a nearby storm water culvert designed, maintained, and operated by the City. Two months later, plaintiffs submitted a letter to the City notifying it of their intent to sue. This letter purported to be an ante litem notice and provided: "Amount of Loss Claimed: Complete and total taking of the Subject Property in an amount to be proven at trial, but believed to total damages between $350,000 and $500,000. Medical damages between the amount of $75,000.00 and the limitations of any applicable insurance policies." The letter also promised to supplement the ante litem notice with a "formal demand."

Plaintiffs then filed suit against Fulton County and the City, alleging that the flooding was caused by their negligent design, installation, and maintenance of a nearby drainage culvert, and setting forth claims for inverse condemnation, personal

injuries, trespass, nuisance, punitive damages, and attorney fees. The City filed a special appearance answer and a motion to dismiss, alleging that the ante litem notice was insufficient to comply with OCGA § 36-33-5 because it failed to include the *specific* amount of monetary damages being sought and instead set forth an open-ended estimate of damages. In March 2022, the trial court denied the City's motion to dismiss, finding that the amounts sought "substantially complied" with the ante litem notice statute.[1] We granted Francis's application for interlocutory review of that order.

1. The City argues that the trial court erred in denying its motion to dismiss because the Appellees' ante litem notice did not comply with the requirements of the municipal ante litem notice statute with respect to the statement of monetary damages. We agree.

Under the ante litem notice statute, OCGA § 36-33-5, anyone who intends to assert a claim against a municipal corporation for monetary damages arising from personal injuries or property damage must first provide notice of the claim. OCGA § 36-33-5 (a). Subsection (b) of the statute requires that, within six months of the

---

[1] The trial court also dismissed Francis's claim for punitive damages and denied in part and granted in part Fulton County's motion to dismiss based on sovereign immunity. Those rulings are not at issue in this appeal.

3

event on which the claim is based, the claimant must provide written notice of the claim to the governing authority of the municipal corporation, and such notice must include "the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury." In 2014, OCGA § 36-33-5 was amended to add subsection (e), see Ga. L. 2014, p. 125 (b), which provides that when describing the "extent of the injury" in the ante litem notice, as required in subsection (b), the notice "shall include the specific amount of monetary damages being sought from the municipal corporation." According to the statute, "[t]he amount of monetary damages set forth in such claim shall constitute an offer of compromise. In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant." OCGA § 36-33-5 (e).

"The purpose of the ante litem notice requirement is to give the municipality the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation." (Punctuation and footnote omitted.) *Wright v. City of Greensboro*, 350 Ga. App. 685, 689 (1) (830 SE2d 228) (2019). Requiring a claimant to provide specific information to the municipality about her claim and alleged injuries allows the municipality "to make an informed decision about whether to

4

accept the 'offer of compromise,' make a counteroffer, or otherwise resolve the claim in order to avoid litigation." Id. Subsection (e) does not require a claimant to provide an "actual dollar amount of the damages allegedly incurred, which might be difficult to quantify[;]" instead, it requires the claimant to "provide the specific amount of monetary damages being sought from the city, i. e., a settlement offer." (Footnote and punctuation omitted.) Id. If the municipality rejects the offer or a settlement cannot be reached, the claimant is not bound by that initial offer once litigation begins. OCGA § 36-33-5 (e).

Satisfaction of the notice requirement is a condition precedent to maintaining a lawsuit against a city, and failure to comply with the statute bars a right of action against a city. *Simmons v. Mayor and Alderman of City of Savannah*, 303 Ga. App. 452, 454 (693 SE2d 452) (2010). "Irrespective of whether OCGA § 36-33-5 (e) requires substantial or strict compliance, a notice does not comply with subsection (e) unless a specific amount is given" that constitutes an offer that could be accepted by a municipality. (Citation and punctuation omitted.) *City of Norcross v. Johnson*, 363 Ga. App. 78, 80 (1) (870 SE2d 564) (2022).[2] Accord *Picklesimer*, 356 Ga. App. at

---

[2] The trial court cites to cases holding that only "substantial compliance" with the requirements of OCGA § 36-33-5 (b) is sufficient for an ante litem notice. See *Atlanta Taxicab Co. Owner's Ass'n v. City of Atlanta*, 281 Ga. 342, 352 (638 SE2d

5

504 ("A notice does not substantially comply with [OCGA § 36-33-5 (e)] *unless a specific amount is given that would constitute an offer that could be accepted by the municipality"*) (citation omitted; emphasis in original).

While we recognize that policy arguments could be advanced in support of a contrary holding, we are bound by the express terms of the statute and precedent holding that such claims must be dismissed where the plaintiff fails to set out a specific amount that constitutes an offer that could be accepted by a municipality. See *City of Norcross*, 363 Ga. App. at 80. Accord *Picklesimer*, 356 Ga. App. at 406 (plaintiff's claim in ante litem statement that they sought total damages "likely to exceed $100,000," including medical expenses "in excess of $25,000 to date and . . . likely [will] incur additional medical expenses in the future," lost wages, and damages for loss of consortium to be "determined by the enlightened conscience of

307) (2006). At that time, it was true that "substantial compliance with OCGA § 36-33-5 was all that was required. In 2014, however, the General Assembly amended OCGA § 36-33-5 to add subsection (e)," which provides that the ante litem's description "shall include the specific amount of monetary damages being sought[.]" *City of Norcross*, 363 Ga. App. at 80, n. 2. Although neither we nor our Supreme Court has "resolved the question of whether strict or substantial compliance with OCGA § 36-33-5 (e) is required . . . , we need not wade into that thicket here, as it is settled that a notice does not substantially comply with OCGA § 36-33-5 (e) unless it sets out a specific amount that constitutes an offer that could be accepted by a municipality." Id, citing *Picklesimer v. City of Eatonton*, 356 Ga. App. 504 (847 SE2d 863) (2020).

6

a fair and impartial jury[,]" did not comply with OCGA § 36-33-5 (e)); *Hall v. City of Blakely*, 361 Ga. App. 135, 136 (863 SE2d 393) (2021) (cert. denied) (ante litem notice "seeking a monetary amount of no less than $350,000.00 and no more than two million dollars" was too indefinite to constitute a binding offer of settlement); *Manzanares v. City of Brookhaven*, 352 Ga. App. 293, 296-97 (1) (834 SE2d 358) (2019) (plaintiff's statement that the "value of his claim may exceed $250,000" was too indefinite to constitute a binding offer of settlement).

Here, the plaintiffs' ante litem notice failed to contain the specificity required by the statute. That notice stated that the plaintiffs would seek damages for a "[c]omplete and total taking of the Subject Property in an amount to be proven at trial, but believed to total damages between $350,000 and $500,000. Medical damages between the amount of $75,000.00 and the limitations of any application insurance policies." The letter promised to supplement the ante litem notice with a formal demand, but no such demand was filed. Because the plaintiffs' ante litem notice merely provided an estimated range of potential damages and failed to identify which insurance policies they sought to recover under, the trial court erred when it concluded that the notice "substantially complied" with OCGA § 36-36-5 (e). "[A]n open-ended estimate of potential damages does not constitute a real offer of

7

compromise which the City could have accepted." *Pickens v. City of Waco*, 352 Ga. App. 37, 44 (1) (833 SE2d 713) (2019) (affirming trial court's conclusion that the plaintiff's ante litem notice failed to substantially comply with OCGA § 36-33-5 (e) when the notice stated that the "value of the claim may exceed $300,000.00"). See also *Hall,* 361 Ga. App. at 136 (ante litem notice did not comply with OCGA § 36-33-5 (e) when it sought a "range of no less than $350,000.00 and no more than two million dollars" in damages); *Tanks v. Nesmith*, 359 Ga. App. 596, 597 (859 SE2d 559) (2021) (affirming trial court's conclusion that ante litem notice seeking damages in the amount of "$75,000 [and] Grady Memorial Hospital bill in excess of $10,000" was inadequate). Compare *City of Lafayette v. Chandler*, 354 Ga. App. 259, 261-262 (840 SE2d 638) (2020) (ante litem notice stating that plaintiff was seeking "to recover $1,000,000.00 (one million dolllars) in monetary damages" complied with OCGA § 36-33-5 (e)).

2. Plaintiffs argue that the ante litem notice requirements of OCGA § 33-36-5 do not apply to their inverse condemnation cause of action.

Plaintiffs failed to raise this argument before the trial court, and the trial court did not rule on this issue. It is true that this Court "may affirm a trial court's [ruling on] a motion to dismiss if it is right for any reason, so long as the argument was fairly

8

presented to the court below." (Citations and punctuation omitted.) *Alred v. Ga. Public Defender Council*, 362 Ga. App. 465, 47, n. 13 (869 SE2d 99) (2022); *Ga.-Pacific v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013) (when an issue was raised for the first time on appeal, it should not be considered as an alternative ground for affirming the trial court's judgment under the "right for any reason" rule). However, because this argument was not raised before the trial court, we decline to rule on this issue for the first time and remand this issue to the trial court for further consideration. See *Maynard v. Snapchat*, 346 Ga. App. 131, 137 (3) (816 SE2d 77) (2018) (declining to affirm the trial court's grant of a motion to dismiss under the "right for any reason" rationale when issues were not ruled upon below and "require[d] a review of issues within the trial court's discretion").

*Judgment reversed in part and remanded in part. Land and Gobeil, JJ., concur. McFadden, P. J., specially concurs*.

A22A1533. CITY OF ALPHARETTA v. FRANCIS et al.

MCFADDEN, Presiding Judge, concurring fully and specially.
I concur fully in the majority opinion. I write separately to draw to the attention of the General Assembly the tension between the often-stated purpose of the ante litem statute and the incentives it creates.

That often-stated purpose "is to give the municipality the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation." *Wright v. City of Greensboro*, 350 Ga. App. 685, 689 (1) (830 SE2d 228) (2019) (citations and punctuation omitted). See also *City of Chamblee v. Maxwell*, 264 Ga. 635, 637 (452 SE2d 488) (1994); *Pickens v. City of Waco*, 352 Ga. App. 37, 40 (833

SE2d 713) (2019). This provides the municipality with information upon which it can assess its risk. While the amount of damages sought by the claimant figures into this assessment, see *Wright*, 350 Ga. App. at 689 (1), the statute's requirement of a demand specific enough to be accepted as an offer stands in tension with this risk-assessment purpose.

As the facts here exemplify, the statutory requirement that ante litem notices be filed within six months means that they often must be submitted before plaintiffs are able to fully evaluate their claim. In this case, the plaintiffs' mistake was to attempt to be too helpful to the local government. The statute plainly would have been satisfied if, rather than share their current assessment of the case, they had demanded a windfall. So as it stands, the statute encourages a claimant to overestimate the value of the claim, which undermines the statutory purpose of providing the municipality with information to accurately assess its risk.